CALL & JENSEN
A Professional Corporation
Julie R. Trotter, Bar No. 209675
Ryan M. McNamara, Bar No. 223606
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
jtrotter@calljensen.com
rmcnamara@calljensen.com

Attorneys for Defendants Sandial, LLC and 1001, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER, | Case No. SACV12 - 01778 AG (MLGx) |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 (FEDERAL QUESTION)** |
| vs. | |
| SANDIAL, LLC, a California Limited Liability Company; 1001, INC., a California Corporation; and Does 1-10, | |
| Defendants. | |

Complaint Filed:   August 27, 2012
Trial Date:         None Set

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441, Defendants Sandial, LLC and 1001, Inc. (collectively "Defendants") hereby remove to the United States District Court for the Central District of California the state court action described below. In accordance with 28 U.S.C. §1441(a), Defendants submit the following short, plain statement of the grounds for removal.

# I.     JURISDICTION AND TIMELINESS

1.     On August 27, 2012, Plaintiff Chris Langer, a serial plaintiff in ADA lawsuits throughout Southern California, filed another complaint in Orange County Superior Court, Central Justice Center which purports to allege causes of action for: (1) Violation of the Unruh Civil Rights Act; (2) Violation of the California Disabled Persons Act; and (3) Negligence.   A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.   A true and correct copy of a recent litigation search chronicling Plaintiff's litigious endeavors is attached hereto as Exhibit C (referencing approximately 300 similar lawsuits filed on behalf of Plaintiff by his current counsel). In addition to claims for statutory damages under the state law, Plaintiff seeks attorney's fees.   While Plaintiff attempts to portray such claims for "damages" and attorney's fees as solely state law claims, this is an obvious and transparent effort to sidestep removal of an action founded upon the Americans with Disabilities Act ("ADA") which presents the relevant federal question and basis for removal.   Plaintiff's claims relate to an alleged visit to a 7-Eleven store located at or about 302 E. 17th Street, Santa Ana, California.

2.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law despite Plaintiff's transparent attempts to evade the federal forum which has justifiably condemned abusive and predatory ADA claims (which Defendants contend would include the instant action). Plaintiff claims that Defendants violated purported accessibility requirements and that he is a victim of "access discrimination."   Despite Plaintiff's transparent efforts, it is clear that his claims of "access discrimination" turn on the *federal* question of whether Defendant violated the ADA upon which Plaintiff's state law claims would be founded.

///

///

///

1   As such, this Court – despite Plaintiff's attempt to cloak his claims undeniably has

2   original jurisdiction over such claims.[1]

## II.   SUPPLEMENTAL JURISDICTION

3.     Because Plaintiff's allegations and state law claims for damages form "part of the same case or controversy" and, indeed, hinge on the very same purported ADA violations over which this Court has original jurisdiction, supplemental jurisdiction exists at this time over Plaintiff's state law claims under 28 U.S.C. § 1367.   A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact" such that plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).   In the event that Plaintiff's purported claims founded upon the ADA are found to be factually and/or legally inaccurate, baseless, and/or moot, Defendants reserve any and all rights and privileges to deny that supplemental jurisdiction applies to Plaintiff's purported state law claims and moves that such claims be dismissed from the federal forum with or without prejudice.   In the alternative, in the event this Court finds Plaintiff's entire action to be meritless (and an example of the predatory ADA schemes which have unfortunately flooded the courts of California), Defendants reserve any and all rights to respectfully request that this Court terminate the entire action with prejudice.

/ / /

/ / /

/ / /

---

[1] *See, e.g., Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, n.5 (E.D. Cal. 2002) ("Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. . . . [F]ederal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages.").

### III.   PROCESS, PLEADINGS AND ORDERS

4.      Plaintiff's complaint was filed on August 27, 2012, personally served on Defendant 1001, Inc. on September 13, 2012, and personally served on Defendant Sandial, LLC on September 15, 2012. As such, Defendants' removal is timely.   On October 12, 2012, Defendants filed an Answer with a Demand for Jury Trial in state court.  A true and correct copy of the Answer with a Demand for Jury Trial is attached hereto as <u>Exhibit B</u>.  No further proceedings have taken place.

### IV.   VENUE

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Central District of California embraces Orange County where the events allegedly occurred and because the state action originally was filed in the Superior Court of the State of California for the County of Orange.

### V.   NOTICE

6.      Promptly after filing this Notice of Removal, Defendants will give written notice of this pleading to counsel for Plaintiff and will file a copy of this Notice with the Superior Court of the State of California for the County of Orange.

### VI.   PROCEDURAL COMPLIANCE

7.      As noted above, this is a civil action for which this Court has original jurisdiction and is one that may be removed to this Court under 28 U.S.C. §§ 1441, 1446.

8.      In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of Plaintiff's complaint, the Answer with Demand for Jury Trial of Defendants Sandial, LLC and 1001, Inc. and all other papers in the state court action are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u> respectively.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441 (FEDERAL QUESTION)

9. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b).

## VII.  CONCLUSION AND REQUESTED RELIEF

10. For all of the reasons set forth above, Defendants Sandial, LLC and 1001, Inc. respectfully request this Court proceed with this matter as if it had been originally filed herein.

Dated:  October 15, 2012

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Ryan M. McNamara


By: _____
    Ryan M. McNamara

Attorneys for Defendants Sandial, LLC
and 1001, Inc.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441 (FEDERAL QUESTION)

# EXHIBIT "A"

AUG 27 2012

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
**Sandial, LLC, a California Limited Liability Company;**
**1001, Inc., a California Corporation; and Does 1-10**
**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
Chris Langer

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**AUG 27 2012**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entreguen esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp espanol) o poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: Orange County Superior Court<br>(El nombre y direccion de la corte es):<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>(Número del Caso): 2012<br><br>0 0 5 9 4 9 6 1 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Raymond G. Ballister, Jr., Esq., Center for Disability Access, 9845 Erma Road, Suite 300
San Diego, CA 92131-1084 (858) 375-7385

DATE: **AUG 27 2012**   **ALAN CARLSON   L. RUSELER**   Clerk, by _____, Deputy
(Fecha)                           (Secretario)                    (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED: You are served**

| [Seal] | |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): 1001, Inc., a California Corporation

   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ Other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ORIGINAL

AUG 27 2012

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 27 2012

ALAN CARLSON, Clerk of the Court

CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, Esq. SBN 166317
Phyl Grace, Esq. SBN 171771
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
mark@potterhandy.com

Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE

| | |
|---|---|
| **Chris Langer,** | Case No. 30-2012 00594961 |
| Plaintiff, | **LIMITED CIVIL** |
| v. | **Complaint For Damages** For Violations Of: Unruh Civil Rights Act; California Disabled Persons Act; Negligence |
| **Sandial, LLC,** a California Limited Liability Company; **1001, Inc.,** a California Corporation; and Does 1-10, | **Demand For Jury** |
| Defendants. | [Amount demanded does not exceed $10,000] |

Plaintiff Chris Langer complains of Defendants Sandial, LLC, a California Limited Liability Company; 1001, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

1.

Complaint

1    2. Defendants are, or were at the time of the incident, the owners and

2    operators, lessors and/or lessees of the 7-11 Store located at or about 302 E 17th

3    Street, Santa Ana, California.

4    3. Plaintiff does not know the true names of Defendants, their business

5    capacities, their ownership connection to the property and business, or their relative

6    responsibilities in causing the access violations herein complained of, and alleges a

7    joint venture and common enterprise by all such Defendants. Plaintiff is informed

8    and believes that each of the Defendants herein, including Does 1 through 10,

9    inclusive, is responsible in some capacity for the events herein alleged, or is a

10   necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend

11   when the true names, capacities, connections, and responsibilities of the

12   Defendants and Does 1 through 10, inclusive, are ascertained.

13

14   **FACTUAL ALLEGATIONS:**

15   4. The Plaintiff went to the 7-11 in April of 2012 to buy some snacks. The 7-11

16   is a facility open to the public, a place of public accommodation, and a business

17   establishment.

18   5. Unfortunately, the defendants discriminate against persons with disabilities.

19   Although parking spaces are one of the facilities, privileges and advantages offered

20   by defendants to their customers, there is not a single "van accessible" parking

21   space with the eight foot access aisle on the passenger side of the vehicle required

22   by law and that the plaintiff needs to deploy his lift. The plaintiff personally

23   encountered the violation and it denied him full and equal access. The plaintiff has

24   had bad experiences with parking in parking stalls that either had no access aisle at

25   all or with an access aisle that is too small and having other cars park next to his van,

26   blocking him from reentry. Thus, he is dissuaded from attempting to park and use

27   non-compliant or non-handicap parking spaces.

28   6. The plaintiff personally encountered violations and it denied him full and

Complaint

1    equal access.

2

3    **I. FIRST CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS**

4    **ACT (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)**

5        7.   Plaintiff repleads and incorporates by reference, as if fully set forth again

6    herein, the allegations contained in all prior paragraphs of this complaint.

7        8.   The Defendants are persons who own, operate, lease or lease to a place of

8    public accommodation as defined by the ADA and are a business establishment as

9    defined by the Unruh Civil Rights Act. As such, the Defendants are required to

10   ensure that persons with disabilities are not discriminated against and, additionally,

11   have specific duties to: (1) ensure that all construction, alteration, or modification is

12   barrier free and complies with the Americans with Disabilities Act Accessibility

13   Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka

14   "California Building Code"); and/or (2) remove all existing barriers where such

15   removal is "readily achievable," and/or (3) to provide alternatives to barrier

16   removal. The Defendants have failed to meet these obligations.

17

18   **II.   SECOND CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA**

19   **DISABLED PERSONS ACT (On behalf of plaintiff and against all defendants)**

20   **(Cal Civ.§ 54-54.8)**

21       9.   Plaintiff repleads and incorporates by reference, as if fully set forth again

22   herein, the allegations contained in all prior paragraphs of this complaint.

23       10. The Defendants are persons who own, operate, lease or lease to a place of

24   public accommodation. As such, the Defendants are required to ensure that persons

25   with disabilities are not discriminated against and, additionally, have specific duties

26   to: (1) ensure that all construction, alteration, or modification is barrier free and

27   complies with the Americans with Disabilities Act Accessibility Guidelines

28   ("ADAAG") and Title 24 of the California Code of Regulations (aka "California

---

3

Complaint

1  Building Code"); and/or (2) remove all existing barriers where such removal is
2  "readily achievable," and/or (3) to provide alternatives to barrier removal. The
3  Defendants have failed to meet these obligations.

4

5  **III. THIRD CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and
6  against all defendants)

7       11. Plaintiff repleads and incorporates by reference, as if fully set forth again
8  herein, the allegations contained in all prior paragraphs of this complaint.

9       12. The Defendants had a general duty and a duty arising under the Americans
10  with Disabilities Act and the Unruh Civil Rights Act and California Disabled
11  Persons Act to provide safe, convenient, and accessible facilities to the plaintiff.
12  Their breach of this duty, as alleged in the preceding paragraphs, has caused injury
13  and damage as alleged above.

14

15  **PRAYER:**

16       Wherefore, Plaintiff prays that this court award damages and provide relief
17  as follows:

18       1. Damages under the Unruh Civil Rights Act and/or the California Disabled
19  Persons Act which damages provide for actual damages and a statutory minimum of
20  $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an
21  election will be made prior to or at trial.

22       2. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to
23  Cal. Civ. Code §§ 52 and 54.3.

24

25  Dated: August 21, 2012                    CENTER FOR DISABILITY ACCESS

26

27                                           By:
28                                           Mark Potter, Esq.
                                             Attorneys for Plaintiff

4

Complaint

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: August 21, 2012                    CENTER FOR DISABILITY ACCESS

By:
Mark Potter, Esq.
Attorneys for Plaintiff

5

Complaint

AUG 27 2012

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Raymond G. Ballister, Jr. /Mark D. Potter   111282/166317<br>Center for Disability Access<br>9845 Erma Road, Suite 300<br>San Diego, CA 92131<br>TELEPHONE NO.: (858) 375-7385          FAX NO.: (888) 422-5191<br>ATTORNEY FOR (Name):  Plaintiff, CHRIS LANGER | **FILED**<br>FOR COURT USE ONLY<br>**SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER**<br><br>**AUG 27 2012**<br><br>ALAN CARLSON, Clerk of the Court |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Langer v. Sandial, LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: **30-2012** |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: **00594961**<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☑ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition (not specified above) (43) |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action (specify): 3 Unruh; CA Dis; Negl

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 08/22/2012

Mark D. Potter
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220  of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2007]     **CIVIL CASE COVER SHEET**    Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

### Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**   A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**   When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**   In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**   ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**   In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**   Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**   If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name):*                 Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor–Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____      _____      _____
                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____      _____
                     (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                 California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>**JUSTICE CENTER:**<br>☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500 | |

| **PLAINTIFF/PETITIONER:**<br><br>**DEFENDANT/RESPONDENT:** | |
|---|---|
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>**NEUTRAL SELECTION AND PARTY LIST**<br><br>☐ **Arbitration** ☐ **Mediation** ☐ **Neutral Evaluation** | **CASE NUMBER:** |

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION, AND FILE IT WITH THE COURT.)**

### ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel.  For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

    ☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

    Neutral: _____

    Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding.  In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate.  The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**NEUTRAL SELECTION AND PARTY LIST**

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

| Short Title: | Case Number: |
|---|---|
| | |

### PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____  2_____  3._____  4:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers. Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2746 (New February 2008)                                www.occourts.org

# IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS

This form is available in English, Spanish, Chinese, Vietnamese, and Korean through the California Courts Web site. Persons with visual impairments can get assistance in viewing this form through the Web site. The Web site is located at *www.courtinfo.ca.gov*.

Existing law requires that you receive this information because the demand for money or complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.

## You Have Important Legal Obligations.

Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect. (See *www.dsa.dgs.ca.gov/access/ud_accessmanual.htm*.) Commencing September 1, 2009, information will also be available from the California Commission on Disability Access Web site.

## You Have Important Legal Rights.

You are not required to pay any money unless and until a court finds you liable. Moreover, **receipt of this advisory does not necessarily mean you will be found liable for anything.**

You may wish to promptly consult an attorney experienced in this area of the law to get helpful legal advice or representation in responding to the demand for money or complaint you received. You may contact the local bar association in your county for information on available attorneys in your area. If you have insurance, you may also wish to contact your insurance provider. You have the right to seek assistance or advice about this demand for money or complaint from any person of your choice, and no one may instruct you otherwise. Your best interest may be served by seeking legal advice or representation from an attorney.

If a complaint has been filed and served on you and your property has been inspected by a Certified Access Specialist (CASp; see *www.dsa.dgs.ca.gov/access/casp.htm*), you may have the right to a court stay (temporary stoppage) and early evaluation conference to evaluate the merits of the construction-related accessibility claim against you pursuant to Civil Code section 55.54. At your option, you may be, but need not be, represented by an attorney to file a reply and to file an application for a court stay and early evaluation conference. If you choose not to hire an attorney to represent you, you may obtain additional information about how to represent yourself and how to file a reply without hiring an attorney through the California Courts Web site at *www.courtinfo.ca.gov/selfhelp*. You may also obtain a form to file your reply to the lawsuit, as well as the form and information for filing an application to request the court stay and early evaluation conference, at that same Web site.

If you choose to hire an attorney to represent you, the attorney who sent you the demand for money or complaint is prohibited from contacting you further unless your attorney has given the other attorney permission to contact you. If the other attorney does try to contact you, you should immediately notify your attorney.

Form Approved for Optional Use
Judicial Council of California
DAL-001 [New October 23, 2009]

**IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS
(Disability Access Litigation)**

Page 1 of 1
Civil Code, § 55.3
*www.courtinfo.ca.gov*

- 22 -

## NOTICE TO DEFENDANT
## YOU MAY BE ENTITLED TO ASK FOR A STAY (TEMPORARY STOPPAGE) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT.

If the construction-related accessibility claim pertains to a site that has been inspected by a Certified Access Specialist (CASp) and you have an inspection report for that site, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form are true.

The court will schedule the conference to be held within 50 days after you file the attached application form. The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. At your option, you may be, but need not be, represented by an attorney to file the application to request the early evaluation conference. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at http://www.courtinfo.ca.gov/selfhelp/.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not have an attorney, you will need to file the application within 30 days after you receive the summons and complaint to request the stay and early evaluation conference. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at http://www.courtinfo.ca.gov/selfhelp/. If a plaintiff representing himself or herself hires an attorney after the case is filed, you will have 30 days to file an application for a court stay and early evaluation conference after you receive a Notice of Substitution of Counsel, unless an early evaluation conference or settlement conference has already been held.

You may file the application form without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Civil Code Section 55.55.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF

DEFENDANT

| **DEFENDANT'S APPLICATION FOR STAY & EARLY EVALUATION CONFERENCE PER CIVIL CODE 55.54** | CASE NUMBER: |
|---|---|

1. Defendant (names) _____ requests a stay of proceedings and early evaluation conference pursuant to Civil Code, section 55.54.
2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code, section 55.52(a)(1).
3. The claim concerns a site that (put a check mark if the statement is true)
   a. ____ Has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected to CASp determination pending and, if CASp inspected, have been no modifications completed or commenced since the date of the inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; AND
   b. ____ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

BOTH "a." and "b." must be checked for the court to order a Stay & Early Evaluation Conferenc

4. I am requesting the court to:
   a. Stay the proceedings relating to the construction-related accessibility claim.
   b. Schedule and Early Evaluation Conference
   c. Order Defendant to file a copy of the Certified Access Specialist (CASp) report with th court under seal and serve a cop on the Plaintiff at least fifteen (15) days before the Early Evaluation Conference date, which shall be subject to a protective order.
   d. Order Plaintiff to file the Statement required by Civil Code Section 55.54(d)(5)(A)-(D) with the court and serve a copy of the statement on the Defendant at least fifteen (15) days before the date of the Early Evaluation Conference.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:　　　　　　FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| PLAINTIFF DEFENDANT | |
| **NOTICE OF STAY & EARLY EVALUATION CONFERENCE** (CONSTRUCTION-RELATED ACCESSIBILITY CLAIMS) | CASE NUMBER: |

## STAY OF PROCEEDING

*For a period of 90 days from the date of the filing of this notice, unless otherwise ordered by the court, the parties are stayed from taking any further action relating to the construction-related accessibility claims or claims in this case.*

*This stay does not apply to any construction-related accessibility claim in which the plaintiff has obtained temporary injunctive relief which is in place.*

## NOTICE OF EARLY EVALUATION CONFERENCE

1. *This action includes a construction-related accessibility claim under Civil Code Section 55.52(a)(1) or other provision of law;*

2. *A defendant has requested an early evaluation conference and a stay of proceedings under Civil Code Section 55.54;*

3. *The early evaluation conference is scheduled as follows:*

   a. *Date:　　　　　Time:　　　　　Dept:　　　　　Judge:*

   b. *The conference will be held at ___ (the court address above), or ___ at: _____*

4. *The plaintiff and defendant shall attend with any other person needed for settlement of the case unless a party's disability requires the party's participation by a telephone appearance or other alternative means or through the personal appearance of an authorized representative.*

5. *The defendants who requested the conference and stay of proceedings shall file with the court under seal and serve on all parties a copy of the CASp report for the site that is the subject of the construction-related accessibility claim at least fifteen (15) days before the date set for the early evaluation conference, which shall be subject to a protective order for confidentiality.*

6. *The plaintiff shall file with the court and serve at least fifteen (15) days before the date set for the early evaluation conference a statement providing the following:*
   a. *An itemized list of specific conditions on the subject premises that are the basis of the claimed construction-related accessibility standards in the plaintiff's complaint.*

American LegalNet, Inc. www.FormsWorkflow.com

b. *The amount of damages claimed;*
c. *The amount of attorney's fees and costs incurred to date, if any, that are being claimed;*
d. *Any demand for settlement of the case in its entirety.*

7. *A copy of this Notice and Order and the Defendant's Application shall be served on the plaintiff or plaintiff's attorney by hand delivering it or mailing it to the address listed on the complaint on the same date that the court issues this Notice and Order of Stay of Proceeding and Early Evaluation Conference.*

Date: _____          Clerk, by _____._____.

*More information about this Notice and Order and the defendant's application and instruction to assist plaintiff and defendant in complying with this Notice and Order may be available at http://www.courtinfo.ca.gov/selfhelp/*

## REQUESTS FOR ACCOMMODATION

*Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the date on which you are to appear. Contact the clerk's office or go to www.courtinfor.ca.gov/forms/ for Requests for Accommodations By Persons with Disabilities and Order (form MC-410) (Civil Code Section 54.8).*

## PROOF OF SERVICE

(Required from Defendant Filing Application for Stay and Early Evaluation Conference)

I served a copy of the defendant's Application for Stay and Early Evaluation Conference Pursuant to Civil Code Section 55.54 and the court Notice and Order of Stay of Proceedings and Early Evaluation Conference.

_____   On the plaintiff's attorney.

By hand delivering it or mailing it to the address listed on the complaint on the day the court issued this Notice and Order of Stay of Proceedings and Early Evaluation Conference.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: _____

_____          _____
Type of Print Name                  Signature

_____
Address of serving person.

# EXHIBIT "B"

1  CALL & JENSEN
   A Professional Corporation
2  Julie R. Trotter, Bar No. 209675
   Ryan M. McNamara, Bar No. 223606
3  610 Newport Center Drive, Suite 700
   Newport Beach, CA 92660
4  Tel:   (949) 717-3000
   Fax:   (949) 717-3100
5  jtrotter@calljensen.com
   rmcnamara@calljensen.com
6
7  Attorneys for Defendants Sandial, LLC and 1001, Inc.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 12 2012

ALAN CARLSON, Clerk of the Court

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF ORANGE**

10

11  Chris Langer,

12              Plaintiff,

13        vs.

14  Sandial, LLC, a California Limited Liability
    Company; 1001, Inc., a California Corporation;
15  and Does 1-10,

16              Defendants.

17

Case No.   30-2012-00594961

**DEFENDANTS' ANSWER TO COMPLAINT**

**DEMAND FOR JURY TRIAL**

18  Complaint Filed:   August 27, 2012
    Trial Date:        None Set

19

20        Defendants Sandial, LLC and 1001, Inc. (collectively "Defendants") hereby answer the

21  allegations of Plaintiff Chris Langer's ("Plaintiff") unverified Complaint ("Complaint") as they relate

22  to them as follows:

23

24                              **GENERAL DENIAL**

25        1.     Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny,

26  generally and specifically, conjunctively and disjunctively, each and every allegation of the Complaint

27  and each and every cause of action contained and asserted therein.  Defendants further deny that they

28  are or will be liable to Plaintiff in any sum whatsoever.  Defendants further deny, generally and

SEV04-04:1052070_1.docx:10-12-12                  - 1 -
                          DEFENDANTS' ANSWER TO COMPLAINT

1   specifically, that Plaintiff has suffered damages in the amount alleged, or in any sum, or that Plaintiff

2   is entitled to any relief at all, by reason of any wrongful act or omission or purported act or omission

3   of Defendants.

4       2.    By alleging the defenses below, Defendants are not in any way agreeing or conceding

5   that they have the burden of proof or persuasion on any of these issues.

6

7   **FIRST SEPARATE AND ADDITIONAL DEFENSE**

8       1.    As a separate and additional defense, Defendants assert upon information and belief

9   that Plaintiff has acted with "unclean hands" and such actions are directly related to the claims by

10   Plaintiff in the Complaint and precludes Plaintiff from pursuing the claims in the Complaint.

11   Therefore, Plaintiff is barred from seeking relief by the Doctrine of Unclean Hands.

12

13   **SECOND SEPARATE AND ADDITIONAL DEFENSE**

14       2.    As a separate and additional defense, Defendants assert upon information and belief

15   that the Disabled Persons Act and Unruh Act do not apply to these answering Defendants as alleged

16   because the facility was built and/or modified prior to the date these acts were amended to incorporate

17   any standards as set forth in 28 U.S.C. §12101 et seq.

18

19   **THIRD SEPARATE AND ADDITIONAL DEFENSE**

20       3.    As a separate and additional defense, Defendants assert upon information and belief

21   that at all times mentioned in the Complaint, the Plaintiff so carelessly, recklessly and negligently

22   conducted and maintained himself so as to cause and contribute in some way to the damages, if any,

23   alleged to have been sustained by Plaintiff.  Therefore, Plaintiff's recovery herein as to any damage

24   and injuries suffered by Plaintiff, if any, shall be diminished to the extent that such injury or damages

25   were proximately caused by the negligence or intentional conduct of Plaintiff.

26   ///

27   ///

28   ///

SEV04-04:1052070_1.docx:10-12-12

- 2 -

DEFENDANTS' ANSWER TO COMPLAINT

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.      As a separate and additional defense to the Complaint filed herein, and to each alleged cause of action set forth herein, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action as against Defendants for the reason that the same may be barred by the applicable statute of limitations depending on Plaintiff's prior visits, if any, to the subject property (assuming Plaintiff has, in fact, ever patronized or even attempted to patronize the subject store).

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.      As a separate and additional defense to the Complaint filed herein, and to each alleged cause of action set forth therein, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory and is so vague, ambiguous, and overbroad as to render its claim incomprehensible and unintelligible.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.      As a separate and additional defense to the Complaint filed herein, if Plaintiff suffered or sustained any loss, damage, or injury as alleged by the Complaint, such loss, damage, or injury was proximately caused and contributed to by Plaintiff's failure to conduct himself in a manner ordinarily expected of prudent persons.  Plaintiff's recovery herein is diminished to the extent that Plaintiff's damages, if any, are attributable to Plaintiff's own negligence.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.      As a separate and additional defense, these answering Defendants believe and based upon such information, allege that Plaintiff is estopped from seeking the relief herein due to his own acts and/or omissions with reference to the subject matter of the Complaint.

///

///

///

SEV04-04:1052070_1.docx:10-12-12

- 3 -

DEFENDANTS' ANSWER TO COMPLAINT

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.     As a separate and additional defense, these answering Defendants believe and based upon such information and belief, allege that Plaintiff has waived his alleged right to seek the relief herein due to his own acts and/or omissions with reference to the subject matter of the Complaint.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.     As a separate and additional defense, these answering Defendants believe and based upon such information and belief, allege that Plaintiff has never been deterred from visiting Defendants' premises.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10.    The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for Violation of the Americans with Disabilities Act of 1990 (49 USC §12101, et seq.).

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.    The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for negligence and/or violation of the California Civil Code, including, but not limited to the Unruh Civil Rights Act, the California Disabled Persons Act, California Civil Code §§ 51, 52, 53, 54, 54.1 (or any subparts thereof).

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.    All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the modification of such barriers is not readily achievable.

///

///

///

SEV04-04:1052070_1.docx:10-12-12

CALL &
JENSEN

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.    All of Plaintiff's claims are barred because Defendants offered reasonable accommodations to Plaintiff.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.    If Plaintiff sustained any damage or injury either as alleged in the Complaint, or at all, the same was, upon information and belief, directly and proximately caused and/or contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and the purported damages of Plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15.    All of Plaintiff's claims upon information and belief may be and/or are barred to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is structurally impractical and/or technically infeasible.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.    All of Plaintiff's claims are barred to the extent that Plaintiff lacks standing and, additionally, to the extent that Plaintiff has failed to establish his standing, entitlement to "damages" of any nature, sufficient jurisdictional allegations, and sufficient jurisdictional facts to comply with the pleading requirements under *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011). Accordingly, Plaintiff's Complaint is defective and subject to immediate dismissal.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.    All of Plaintiff's claims and demands for attorneys' fees are barred and/or should be stricken to the extent that Plaintiff failed to provide pre-litigation notice to Defendants of his purported

1  claims and/or experiences at the subject property and engage in reasonable steps to mitigate his
2  purported damages and/or resolve the dispute without litigation.

3

4  ## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

5  18.    All of Plaintiff's claims are barred because to the extent architectural barriers alleged
6  by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional
7  defense), the removal of such barriers would result in an undue burden on Defendants.

8

9  ## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

10  19.    All of Plaintiff's claims are barred because, upon information and belief, all
11  architectural barriers alleged by Plaintiff do not exist and/or fall within "conventional building
12  industry tolerances" or "dimensional tolerances."

13

14  ## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

15  20.    All of Plaintiff's claims are barred because Defendants provided equivalent facilitation
16  at the premises.

17

18  ## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

19  21.    All of Plaintiff's claims are barred because, upon information and belief, Plaintiff failed
20  to name a necessary party.

21

22  ## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

23  22.    All of Plaintiff's claims are barred because any alleged discrimination Plaintiff suffered
24  at Defendants' premises (which supposition is denied and merely stated for the purpose of this
25  additional defense), upon information and belief, resulted from isolated or temporary (or both)
26  interruptions in the store's goods and services.

27  ///

28  ///

SEV04-04:1052070_1.docx:10-12-12                           - 6 -
DEFENDANTS' ANSWER TO COMPLAINT

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

23.     All of Plaintiff's claims are barred because Plaintiff failed to request reasonable accommodations or modifications to Defendants' premises.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

24.     All of Plaintiff's causes of action are barred because Plaintiff suffered no damages of any nature as a result of the alleged conduct.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

25.     Plaintiff, by delaying prosecution of these actions until the present time, is barred in whole or in part by the doctrine of laches from maintaining each and every purported cause of action alleged in the Complaint, or from recovering any damages thereunder from Defendants.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

26.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional defenses available.  Defendants reserve the right to assert additional defenses in the event discovery or further analysis indicates that additional, unknown or unstated defenses would be applicable.

## PRAYER FOR RELIEF

WHEREFORE, these answering Defendants Sandial, LLC and 1001, Inc. pray for judgment, both individually and collectively, as follows:

1.     That Plaintiff take nothing by his action, which should be dismissed with prejudice;

2.     That judgment be awarded in favor of Defendants Sandial, LLC and 1001, Inc., both individually and collectively, and that Plaintiff's Complaint be dismissed in its entirety and *with prejudice*;

3.     That Defendants, both individually and collectively, be awarded their expenses and costs of suit incurred herein, inclusive of reasonable attorneys' fees; and

SEV04-04:1052070_1.docx:10-12-12

-7-

DEFENDANTS' ANSWER TO COMPLAINT

4.      For such other and further relief as the Court may deem just and proper.

Dated: October 12, 2012                    CALL & JENSEN
                                           A Professional Corporation
                                           Julie R. Trotter
                                           Ryan M. McNamara


                                           By: _____
                                               Ryan M. McNamara

                                           Attorneys for Defendants Sandial, LLC and 1001, Inc.


## DEMAND FOR JURY TRIAL

Defendants Sandial, LLC and 1001, Inc. hereby demand a jury trial on all issues raised in the Complaint by Chris Langer.

Dated: October 12, 2012                    CALL & JENSEN
                                           A Professional Corporation
                                           Julie R. Trotter
                                           Ryan M. McNamara


                                           By: _____
                                               Ryan M. McNamara

                                           Attorneys for Defendants Sandial, LLC and 1001, Inc.

SEV04-04:1052070_1:10-12-12

- 8 -

DEFENDANTS' ANSWER TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On October 12, 2012, I served the foregoing document described as **DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** on the following person(s) in the manner indicated:

Raymond G. Ballister, Jr., Esq.                 **Attorneys for**
Mark Potter, Esq.
Center for Disability Access                     **Plaintiff Chris Langer**
9845 Erma Road, Suite 300
San Diego, CA 92131
Tel: (858) 375-7385
Fax: (858) 422-5191
mark@potterhandy.com

[ X ]   (BY MAIL)   I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ]   (BY FEDEX) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ]   (BY FACSIMILE TRANSMISSION)   On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]   (BY ELECTRONIC TRANSMISSION) I served electronically from the electronic notification address of _____ the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein. The electronic transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on October 12, 2012, at Newport Beach, California.

Denise Reigel

- 36 -

# EXHIBIT "C"

Number of results returned: 324

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| San Diego Superior San Diego County Superior Court 37-2012-00103006-CL-CR-CTL 08/30/2012 | Chris Langer v. Juliana Schmuttermair Judge: Strauss | | | Civil rights. | P: Mark Potter |
| Orange County Orange County Superior Court 00594697CJC 08/29/2012 | Chris Langer v. The Stockade, Llc, A California Limite; Darlyne A Dibs, In His Individual And | | | Civil Rights | |
| Orange County Orange County Superior Court 00594961CJC 08/27/2012 | Chris Langer v. Sandial, Llc; 1001, Inc. | | | Civil Rights | |
| Orange County Orange County Superior Court 00594726CJC 08/24/2012 | Chris Langer v. Gurmit Singh; Surinder Pal Kaur; Janric Real Estate, Llc | | | Civil Rights | |
| San Diego Federal and State Branch USDC Southern District of California 3:12cv1993 08/13/2012 | Chris Langer v. Palacio Mission Bay, LLC, a California limited liability company; Does Judge: L | | | Removal of violations of the American's With Disabilities Act, Unruh Civil Rights Act and Disabled Persons Act complaint. | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access D: David W. Peters D. Lawyer Firm: Lawyers Against Lawsuit Abuse, APC |
| Los Angeles Federal USDC Central District of California 8:12cv1279 08/08/2012 Southern | Chris Langer v. George Viebeck Jr; Gustavo Barcenas; Glafira Barcenas; Does Judge: JVS | | | Removal of complaint for violation of civil rights. | P: Mark Potter P. Lawyer Firm: Center for Disability Access-San Diego D: Jules |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| **Case Info** | | **Parties** | | **Summary** | **Lawyers** |
| Division - Santa Ana | | | | | Frederick Miller |
| Los Angeles Federal USDC Central District of California 2:12cv6335 07/24/2012 Western Division - Los Angeles | Chris Langer v. Public Storage; Does Judge: PA | | | Removal of complaint for violation of the Americans With Disabilities Act. | P: Raymond Ballister P. Lawyer Firm: Center for Disability Access- San Diego D: Scott Ferrell D. Lawyer Firm: Newport Trial Group |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00055304-CU-CR-NC 07/11/2012 Vista | Chris Langer v. Elaine White, in her individual and representative capacity as trustee; E&C Flooring, Inc., a California corporation; Does Judge: Robert Dahlquist | | | Violations of the American's With Disabilities Act, Unruh Civil Rights Act and California Disabled Persons Act lawsuit. The disabled plaintiff was denied access to the defendants' business premises. 🖼 | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access |
| Orange County Orange County Superior Court 00580619CJC 06/29/2012 | Chris Langer v. Edmundo Ramirez; Maria De Jesus Ramirez | | | Civil Rights | |
| Orange County Orange County Superior Court 00580614CJC 06/29/2012 | Chris Langer v. Matilde Alvarez De Martinez; Richard V Ballester | | | Civil Rights | |
| Orange County Orange County Superior Court 00580605CJC 06/29/2012 | Chris Langer v. Juan Manuel Garcia; Miguel Garcia; Cecilia Garcia; Virginia R Conrad | | | Civil Rights | |
| Orange County Orange County Superior Court 00580519CJC 06/29/2012 | Chris Langer v. Eung Jae Lim | | | Civil Rights | |
| Orange County Orange County Superior Court | Chris Langer v. Gustavo Barcenas; Glafira Barcenas; George Viebeck | | | Civil Rights | |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| **Case Info** | | **Parties** | | **Summary** | **Lawyers** |
| 00580513CJC 06/29/2012 | | | | | |
| Orange County Orange County Superior Court 00580498CJC 06/29/2012 | | Chris Langer v. Carvin Santa Ana LLC; Carvin Corp. Judge: Gregory Munoz | | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00054891-CU-CR-NC 06/28/2012 Vista | | Chris Langer v. Jack Popoff, in his individual and representative capacity as trustee; Jean Popoff, in her individual and representative capacity as trustee; Jon Donadio; Stuart Rudolf Van-Der-Biesen; Does Judge: Earl Maas III | | Violations of the American's With Disabilities Act, Unruh Civil Rights Act and California Disabled Persons Act lawsuit. The disabled plaintiff was denied access to the defendants' Ogden Flooring facility. 🖼 | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00054895-CU-CR-NC 06/28/2012 Vista | | Chris Langer v. Holly Home Carpets, Inc., a California corporation; Does Judge: Jacqueline Stern | | Violations of the American's With Disabilities Act, Unruh Civil Rights Act and California Disabled Persons Act lawsuit. No wheelchair access was provided at the defendant's premises. 🖼 | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00054896-CU-CR-NC 06/28/2012 Vista | | Chris Langer v. Ronald Kieffe; Chris Maxcy; Cristy Maxcy; Does Judge: Timothy Casserly | | Violations of the American's With Disabilities Act, Unruh Civil Rights Act and California Disabled Persons Act complaint. The defendants' Garrett's Smog facility didn't provide access to disabled persons, including the plaintiff. 🖼 | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Superior San Diego County Superior Court 37-2012-00099862-CU- | | Chris Langer v. Carolyn Wolpe; Ability Auto Body & Paint Inc Judge: Lewis | | Civil rights. Defendant's premises is not wheelchair accessible. | P: Mark Potter P. Lawyer Firm: Center for Disability Access |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| CR-CTL 06/28/2012 | | | | | |
| Orange County Orange County Superior Court 00578710CJC 06/20/2012 | | Chris Langer v. Inc. Hormuth Properties; In Orange Coast Hardware & Lumber Co. | | Civil Rights | |
| San Diego Superior San Diego County Superior Court 37-2012-00099066-CU-CR-CTL 06/15/2012 | | Chris Langer v. Castle Investment Co Inc; Luciano Kawi<br><br>Judge: Dato | | American's with disabilities act. Defendant's premises is not wheelchair accessible. | P: Raymond Ballister P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2012-00098946-CU-CR-CTL 06/15/2012 | | Chris Langer v. John Carlson; La Dani Corporation | | American's with disabilities act. Defendant's premises is not wheelchair accessible. | P: Raymond Ballister P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00054518-CU-CR-NC 06/15/2012 Vista | | Chris Langer v. Andwood Investment LLC; Marie Heatherly; Does 1-10<br><br>Judge: JMS | | Complaint for damages and injunctive relief. 🖼 | P: Raymond Ballister P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2012-00098468-CU-CR-CTL 06/06/2012 | | Chris Langer v. 101 Enterprises<br><br>Judge: Meyer | | Civil rights. | P: Mark Potter P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00054244-CU-CR-NC | | Chris Langer v. Leon Guzman; Rita Stansel, dba Smogs By Rita; Michael Stansel, dba Smogs By Rita; Does<br><br>Judge: Jacqueline Stern | | Violations of the American's With Disabilities Act, Unruh Civil Rights Act, and California Disabled Persons Act complaint. No wheelchair access was provided at the | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| 06/06/2012 Vista | | defendants' premises. 🖼 | Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00054245-CU-CR-NC 06/06/2012 Vista | Chris Langer v. Elaine White, in her individual and representative capacity as Trustee-The White 1990 Trust; White Holdings, LP, a California limited partnership; Desoto Sales, Inc., a California corporation; Does Judge: Thomas Nugent | Violations of the American's With Disabilities Act, Unruh Civil Rights Act, and California Disabled Persons Act lawsuit. The disabled plaintiff was denied access to the defendants' facilities. 🖼 | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00054246-CU-CR-NC 06/06/2012 Vista | Chris Langer v. Theodore Barnes; Susan Barnes; About Service, Inc., a California corporation; Does Judge: Earl Maas III | Violations of the American's With Disabilities Act, Unruh Civil Rights Act, and California Disabled Persons Act complaint. The defendants denied access to disabled persons, including the plaintiff. 🖼 | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00054247-CU-CR-NC 06/06/2012 Vista | Chris Langer v. Rolland Krahling, dba Rollie's Automotive; Rolland Krahling; Peggy Krahling; Does Judge: Earl Maas III | Violations of the American's With Disabilities Act, Unruh Civil Rights Act, and California Disabled Persons Act lawsuit. No wheelchair access was provided at the defendants' facilities. 🖼 | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057694 06/01/2012 Long Beach | Chris Langer v. Anaheim Plaza Properties LLC; Nzazi Inc. | Civil Rights (General Jurisdiction) | P: Center For Disability Access |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057693 06/01/2012 Long Beach | Chris Langer v. Lorenzo Mata Espinoza; Miguel Efrain Salazar; Sarita's Market | Civil Rights (General Jurisdiction) | P: Mark Potter |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | | Summary | Lawyers |
|---|---|---|---|---|
| Los Angeles Branch Los Angeles County Superior Court Branches NC057692 06/01/2012 Long Beach | CHRIS LANGER v. DOES 1-10; JEFF TERRANOVA; PRAYUTH PANICHPAKDEE | | Civil Rights (General Jurisdiction) | P: MARK POTTER |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057701 06/01/2012 Long Beach | Chris Langer v. Aids Healthcare Foundation; Eugene Chernoy; Sally Chernoy | | Civil Rights (General Jurisdiction) | P: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2012-00067615-CU-CR-EC 06/01/2012 El Cajon | Chris Langer v. St. John 2.0, LLC, a California limited liability company; St. Mar 2.0 Incorporated, a California corporation; Does Judge: Joel Wohlfeil | | Violations of the American's With Disabilities Act, Unruh Civil Rights Act and California Disabled Persons Act lawsuit. The disabled plaintiff was denied access to the defendants' Taco Bell restaurant. 📷 | P: Raymond G. Ballister, Jr. P. Lawyer Firm: Center For Disability Access |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057643 05/21/2012 Long Beach | Chris Langer v. Dragon Cafe Inc.; Robert J. Anderson; Thaworn N. Anderson | | Civil Rights (General Jurisdiction) | P: Mark Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057482 04/19/2012 Long Beach | Chris Langer v. Public Storage | | Civil Rights (General Jurisdiction) | P: Center For Disability Access |
| Los Angeles State Los Angeles Superior Court Central District | Chris Langer v. Huu Duc Thai; Tin Hsin Ko Judge: Johnson | | Handicapped access | P: Raymond Ballister, Jr. P. Lawyer Firm: Center for Back on top |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| BC483059 04/18/2012 | | | | | Disability Access |
| Los Angeles State Los Angeles Superior Court Central District BC482266 04/04/2012 | Chris Langer v. Yes Parking Service, LLC; Sam Kwai Shing Wong Company; Downtown Investment, Inc Judge: Hess | | | Handicapped access | P: Raymond Ballister, Jr. P. Lawyer Firm: Center for Disability Access |
| Los Angeles State Los Angeles Superior Court Central District BC482219 04/04/2012 | Chris Langer v. TriStar Distributor Inc; JK/MK Properties #3, LLC Judge: Khan | | | Handicapped access | P: Raymond Ballister, Jr. P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch USDC Southern District of California 3:12cv769 03/29/2012 | Chris Langer v. Howard Hanafin, in his individual and representative capacity as trustee; Does Judge: IEG | | | Removal of violations of American's With Disabilities Act, Unruh Civil Rights Act and California Disabled Persons Act complaint. | P: Raymon G. Ballister Jr. P. Lawyer Firm: Center For Disability Access D: David W. Peters D. Lawyer Firm: Lawyers Against Lawsuit Abuse, APC |
| San Diego Superior San Diego County Superior Court 37-2012-00092742-CU-CR-CTL 02/24/2012 | Chris Langer v. Dora Garcia; Robertos Taco Shop; Thomas Pierson; Thomas J Pierson Trustee-Thomas J Pierson Trust | | | Civil rights. | P: Raymond G Ballister, Jr. |
| San Diego Superior San Diego County Superior Court 37-2012-00092742-CU-CR-CTL 02/24/2012 San Diego | Chris Langer v. Thomas Pierson; Dora Garcia; Robertos Taco Shop; Thomas J Pierson Trustee-Thomas J Pierson Trust | | | Civil rights. | |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| Los Angeles Federal USDC Central District of California 8:12cv287 02/24/2012 Southern Division - Santa Ana | | Chris Langer v. Bagstad Enterprises Inc.; The Bagstad Group Two LP; Bagstad Group LLC Judge: AG | | Removal of complaint. Violation of American with Disabilities Act. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access D: Javier Van Oordt D. Lawyer Firm: Callahan & Blaine |
| Orange County USDC Central District of California - Santa Ana Division 8:12cv287 02/24/2012 | | Chris Langer v. Bagstad Enterprises Inc.; The Bagstad Group Two LP; Bagstad Group LLC Judge: AG | | Removal of complaint. Violation of American with Disabilities Act. | P: Rayond Ballister P. Lawyer Firm: Center For Disability Access D: Javier Van Oordt D. Lawyer Firm: Callahan & Blaine |
| San Diego Superior San Diego County Superior Court 37-2012-00092766-CU-CR-CTL 02/23/2012 | | Chris Langer v. Underground Furniture; Nancy Schultz; Gary Schultz Judge: Strauss | | Civil rights. Defendant's premises is not accessible to people with physical disabilities. | P: Raymond Ballister P. Lawyer Firm: Center for Disabilty Access |
| San Diego Superior San Diego County Superior Court 37-2012-00092656-CU-CR-CTL 02/22/2012 | | Chris Langer v. Cellar Coin and Jewelry Inc; Marilyn Williams; Michael Williams Judge: Meyer | | Civil rights. Defendant's premises is not accessible to people with physical disabilities. | P: Mark Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2012-00092658-CU-CR-CTL 02/22/2012 | | Chris Langer v. Palacio Mission Bay LLC Judge: Prager | | Civil rights. Defendant's premises is not accessible to people with physical disabilities. | P: Mark Potter P. Lawyer Firm: Center for Disability Access |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| San Diego Superior San Diego County Superior Court 37-2012-00092657-CU-CR-CTL 02/22/2012 | | Chris Langer v. Howard Kuwada; Mythos Salons Inc Judge: Dato | | Civil rights. Defendant's premises is not accessible to people with physical disabilities. | P: Mark Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2012-00092503-CU-CR-CTL 02/17/2012 | | Chris Langer v. Decor Furniture Enterprises Inc; Gary Nobel Judge: Alksne | | American's with disabilities act. Defendant's premises is not wheel chair accessible. | P: Raymond Ballister P. Lawyer Firm: Center for Disability Access |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057126 01/23/2012 Long Beach | | Chris Langer v. Doungporn Panichpakdee; Panichpakdee Inc.; Prayuth Panichpakdee | | Civil Rights (General Jurisdiction) | P: Mark Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057125 01/23/2012 Long Beach | | Chris Langer v. Janid Capital LLC | | Civil Rights (General Jurisdiction) | P: Mark Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057124 01/23/2012 Long Beach | | Chris Langer v. Borel L. Lao; Falcon Liquor; Kim Ngor Pheat; B. Ngor Souvenir | | Civil Rights (General Jurisdiction) | P: Mark Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057129 01/23/2012 Long Beach | | Chris Langer v. Elsie L. Burwell; Sharp Beach Inc. | | Civil Rights (General Jurisdiction) | P: Center For Disability Access |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| Los Angeles Branch Los Angeles County Superior Court Branches NC057130 01/23/2012 Long Beach | Chris Langer v. Andrew Edmund Jurkiewicz; DPV Properties LLC; Farmers And Merchants Trust Company | Civil Rights (General Jurisdiction) | P: Center For Disability Access |
| Los Angeles Branch Los Angeles County Superior Court Branches NC057131 01/23/2012 Long Beach | CHRIS LANGER v. DOES 1 - 10;PANNA S MORE;SANJAY S MORE | Civil Rights (General Jurisdiction) | P: CENTER FOR DISABILITY ACCESS ( POTTER ) |
| Orange County Orange County Superior Court 00539145CJC 01/23/2012 | Chris Langer v. Bagstad Enterprises Inc.; The Bagstad Group Two LP; Bagstad Group LLC Judge: Thierry Colaw | Civil rights. Complaint for failure to provide wheelchair access. | P: Raymond Ballister P. Lawyer Firm: Center For Disabilty Access |
| Orange County Orange County Superior Court 00539137CJC 01/23/2012 | Chris Langer v. Wayne Kaplan; Donald Klein, dba Coast Jewelry Judge: Ronald Bauer | Civil rights. Complaint for failure to provide wheelchair access. | P: Raymond Ballister P. Lawyer Firm: Center For Disabilty Access |
| Los Angeles State Los Angeles Superior Court Central District Bc477587 01/23/2012 | Chris Langer v. Rafael Vasquez; Bar 107, LLC Judge: White | Handicapped access | P: Raymond Ballister, Jr P. Lawyer Firm: Center for Disability Access |
| Orange County Orange County Superior Court 00527914CJC 12/07/2011 | Chris Langer v. Mike Farber, Dana Marina Motel Cett Investments Corp. Judge: Gregory Lewis | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability |
| Orange County Orange County Superior Court | Chris Langer v. Sandpiper Lounge; Francis Lightfoot Lee Harrell III | Civil rights . Defendants failed to provide wheelchair | P: Raymond Ballister |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| 00521729CJC 11/08/2011 | Judge: David McEachen | access to their premises. | |
| Orange County Orange County Superior Court 00521351CJC 11/08/2011 | Chris Langer v. Nickco Hospitality LLC; Dekk Assoc.; Tiger Management Inc. Judge: Adnrew Banks | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| TEST SERVICE 1 Test Court 1 37-2011-00099971-CU-CR-CTL 10/24/2011 | Chris Langer v. Bahira Kachi; Majid Kachi Judge: Dato | | P: Mark Potter |
| San Diego Superior San Diego County Superior Court 37-2011-00099931-CU-CR-CTL 10/24/2011 | Chris Langer v. Carol J Distabile In Her Representative Capacity; Carol Distabile; Paul Distable; Paul C Distabile In His Representative Capacity; Silva Investments Inc Judge: Styn | | P: Raymond Jr. |
| Orange County Orange County Superior Court 00515928CJC 10/17/2011 | Chris Langer v. Tabu Grill Inc.; Charles Bixler Judge: Luis Rodriguez | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| San Diego Superior San Diego County Superior Court 37-2011-00099556-CU-CR-CTL 10/17/2011 | Chris Langer v. Linda Dayton; Beach Mailbox E Center; Darlene Russell Judge: Dato | American's with disabilities act. Beach Mailbox Center is not wheelchair accessible. | P: Raymond Ballister P. Lawyer Firm: Disability Center |
| Orange County Orange County Superior Court 00515826CJC 10/17/2011 | Chris Langer v. S&J Company LLC Judge: Glenda Sanders | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| San Diego Superior | | American's with disabilities act. | P: Raymond |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ | |
|---|---|---|---|---|---|---|
| **Case Info** | | **Parties** | | | **Summary** | **Lawyers** |
| San Diego County Superior Court 37-2011-00099489-CU-CR-CTL 10/14/2011 | | Chris Langer v. Rigobertos Taco Shop Inc Judge: Lewis | | | Defendant's restaurant is not wheel chair accessible. | Ballister P. Lawyer Firm: Disability Center |
| Orange County Orange County Superior Court 00514592CJC 10/12/2011 | | Chris Langer v. Viva Laguna Inc.; John Mazza; John Mazza Living Trust Judge: William Monroe | | | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| Orange County Orange County Superior Court 00514429CJC 10/11/2011 | | Chris Langer v. Crescent Bay Inn Inc.; Chang Ju Hyun Judge: Tam Nomoto Schumann | | | Civil rights. Defendant failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2011-00058401-CU-CR-NC 09/27/2011 North County | | CHRIS LANGER v. WEDEKING'S BAKERY, INC;ESTA MAE WEDEKING;ROBERT A WEDEKING | | | Civil Rights 🖼 | P: None Listed D: None Listed |
| Orange County Orange County Superior Court 00510633CJC 09/23/2011 | | Chris Langer v. The Rib Joint Roadhouse Inc. Samir Ibreighith Judge: Luis Rodriguez | | | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2011-00058401-CU-CR-NC 09/22/2011 Vista | | Chris Langer v. Wedeking's Bakery Inc., a California corporation; Robert Wedeking, in his individual and representative capacity as Trustee-Wedeking Family Trust (03-21-05); Esta Mae Wedeking, in her individual and representative capacity as Trustee-Wedeking Family Trust (03-21-05); Does Judge: Robert Dahlquist | | | Violations of the Americans With Disabilities Act, Unruh Civil Rights Act, and California Disabled Persons Act complaint. No wheelchair access was provided at the defendants' establishment. 🖼 | P: Raymond G. Ballister Jr. P. Lawyer Firm: Center For Disability Access |
| Orange County Orange County | | | | | Civil rights. Defendants failed to | P: Raymond |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ | Lawyers ▲▼ |
|---|---|---|---|---|---|---|
| Case Info | | Parties | | | Summary | Lawyers |
| Superior Court 00510264CJC 09/22/2011 | Chris Langer v. L.A.R.D. Investments LLC Judge: Francisco Firmat | | | | provide wheelchair access to their premises. | Ballister P. Lawyer Firm: Center For Disability Access |
| Orange County Orange County Superior Court 00510065CJC 09/22/2011 | Chris Langer v. Quality Assoc. LLC Judge: David McEachen | | | | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center for Disability Access |
| Orange County Orange County Superior Court 00509258CJC 09/19/2011 | Chris Langer v. Vacation Bay Hotel Properties Inc., dba Pacific Edge Hotel; Laguna Resort Property LLC Judge: Luis Rodriguez | | | | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| Orange County Orange County Superior Court 00509257CJC 09/19/2011 | Chris Langer v. Mar & Mar Corp., dba Maro Wood Grill; Claire Louise Robinson Judge: David Chaffee | | | | Civil rights. Defendants failed to provide wheelchair access to their premises. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2011-00058140-CU-CR-NC 09/16/2011 Vista | Chris Langer v. Howard Hanafin, in his individual and representative capacity as trustee; Does Judge: Jacqueline Stern | | | | Violations of the Americans With Disabilities Act and Unruh Civil Rights Act complaint. No wheelchair access was provided at the defendant's shopping center. 🖼 | P: Raymond G. Ballister Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2011-00058140-CU-CR-NC 09/16/2011 North County | CHRIS LANGER v. HOWARD E HANAFIN; HOWARD E HANAFIN TRUSTEE | | | | Civil Rights 🖼 | P: None Listed D: None Listed |
| San Diego Superior | Chris Langer v. | | | | Violations of the Americans With | P: Raymond |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|---|
| Case Info | | Parties | | | Summary | Lawyers |
| San Diego County Superior Court 37-2011-00098032-CU-CR-CTL 09/16/2011 | | Warwicks Stationers, a California corporation; Corey Family Properties LLC, a California limited liability company; Does<br><br>Judge: Luis Vargas | | | Disabilities Act and Unruh Civil Rights Act complaint. No wheelchair access was provided at the defendants' establishment. 🖼 | G. Ballister Jr.<br>P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch USDC Southern District of California 3:11cv2075 09/09/2011 | | Chris Langer<br>v.<br>Valley Center Oil Corporation, a California corporation; Does<br><br>Judge: BEN | | | NOS: 446 Removal of violations of the Americans With Disabilities Act and Unruh Civil Rights Act lawsuit. | P: Raymond G. Ballister Jr.<br>P. Lawyer Firm: Center For Disability Access<br>D: Robert R. Heft<br>D. Lawyer Firm: Daley & Heft LLP |
| Inland Counties Riverside County Superior Court RIC1112963 08/04/2011 Riverside | | Chris Langer<br>v.<br>MJ Mart Inc.; Robert Mccafferty ind. and as trustee; Gladys Mccafferty ind. and as trustee; Does 1-10<br><br>Judge: Craig Riemer | | | Violations of the Americans with Disabilities Act. The One Stop Store lacks handicap parking, a wheelchair accessible sales counter and aisles wide enough to accommodate a wheelchair. 🖼 | P: Mark Potter<br>P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2011-00056942-CU-CR-NC 08/04/2011 Vista | | Chris Langer<br>v.<br>Valley Center Oil Corporation, a California corporation; Does<br><br>Judge: Robert Dahlquist | | | Violations of the Americans With Disabilities Act and Unruh Civil Rights Act complaint. No wheelchair access was provided at the defendant's facilities. 🖼 | P: Raymond G. Ballister Jr.<br>P. Lawyer Firm: Center For Disability Access |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2011-00056625-CU-CR-NC 07/27/2011 Vista | Chris Langer v. Sunset Partners Inc., a California corporation; Michael Musto; Alice Musto; Does Judge: Earl Maas III | Violations of the American's With Disabilities Act and Unruh Civil Rights Act complaint. The disabled plaintiff was denied access to men's restroom located at the defendants' Sunset Lounge premises. | P: Raymond G. Ballister Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Superior San Diego County Superior Court 37-2011-00094935-CU-CR-CTL 07/22/2011 | Chris Langer v. House of Scuba Inc; La Jolla Business Center LLC | American's with disabilities act. House of Scuba is not wheelchair accessible. | P: Raymond Ballister P. Lawyer Firm: Disability Center |
| San Diego Superior San Diego County Superior Court 37-2011-00094191-CU-CR-CTL 07/08/2011 | Chris Langer v. 3803 M.B. LLC | Americans with disabilities act. Defendant's Pay-to-Park-Lot is not wheelchair accessible. | P: Raymond Ballister P. Lawyer Firm: Disability Center |
| San Diego Superior San Diego County Superior Court 37-2011-00093821-CU-CR-CTL 06/30/2011 | Chris Langer v. Mark Hoefer; Parviz Hakakha; Pasta Espresso; Judy Hakakha | American's with disabilities act. Defendant's restaurant is not wheel chair accessible. | P: Raymond Ballister P. Lawyer Firm: Disability Center |
| San Diego Superior San Diego County Superior Court 37-2011-00091486-CU-CR-CTL 05/18/2011 | Chris Langer v. B.W.W.N.G.C. Inc; Burns Properties Limited Partnership | American's with disabilities act. Defendant's store is not wheelchair accessible. | P: Raymond Ballister P. Lawyer Firm: Disability Access |
| San Diego Superior San Diego County Superior Court 37-2011-00091320-CU- | Chris Langer v. Lawrence Combe; Carol Keeney; Ludlow E Keeney JR Trustee | Americans with disabilities act. Defendants' jewelry store is not wheel chair accessible. | P: Raymond Ballister P. Lawyer Firm: Center Disability |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| CR-CTL 05/16/2011 | | | |
| Orange County Orange County Superior Court 00469964CJC 04/25/2011 | Chris Langer v. Charnarae Corp., dba Nadine's Irish Mist; Niall Coyle Judge: Geoffrey Glass | Civil rights. Defendants failed to provide handicap parking spaces in violation of American's With Disabilities Act. | P: Raymond Ballister, Jr. P. Lawyer Firm: Center of Disabilty Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2011-00052694-CU-CR-NC 03/21/2011 Vista | Chris Langer v. Maria Sanchez, dba Corner Skillet Restaurant; Richard Stephens; Richard Stephens, trustee Richard J. Stephens Lora Lee Stephens Revocable Trust; Lora Stephens; Lora Stephens, trustee Richard J. Stephens Lora Lee Stephens Revocable Trust; Does Judge: Robert Dahlquist | Violations of the Americans With Disabilities Act and Unruh Civil Rights Act lawsuit. No wheelchair access was provided at the defendants' restaurant. | P: Raymond G. Ballister Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2011-00066673-CU-CR-EC 03/17/2011 El Cajon | Chris Langer v. Big Daddy's Oil 25 Inc., a California corporation; Does Judge: Eddie Sturgeon | Violations of the Americans With Disabilities Act and California Disabled Persons Act complaint. The disabled plaintiff was denied access to the defendant's AM/PM service station. | P: Raymond G. Ballister Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2011-00052585-CU-CR-NC 03/17/2011 Vista | Chris Langer v. Pala Vista Gas Inc., a California corporation; Key Lee; Key H. Lee, trustee Key H. Lee and Grace C. Lee Family Trust; Grace Lee; Grace C. Lee, trustee Key H. Lee and Grace C. Lee Family Trust; Does Judge: Jacqueline Stern | Violations of the Americans With Disabilities Act and Unruh Civil Rights Act lawsuit. No wheelchair access was provided at the defendants' facilities. | P: Raymond G. Ballister Jr. P. Lawyer Firm: Center For Disability Access |
| San Diego Superior San Diego County Superior Court 37-2011-00086716-CU-CR-CTL 03/01/2011 | Chris Langer v. 5149 CLMT Inc; Mary Jaeger | American's with Disabilities Act. Defendant's bathroom is not wheelchair accessible. | P: Raymond Ballister P. Lawyer Firm: Center Disability |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| San Diego Superior San Diego County Superior Court 37-2011-00086688-CU-CR-CTL 02/28/2011 | | Chris Langer v. Silver Fox Associates Inc; Devra Wijet | | Violation of California Disabled Persons Act. Defendant's establishment is not fully accessible to people in wheelchairs including missing grab bars in the bathroom. | P: Raymond Ballister P. Lawyer Firm: Center Disability |
| Orange County Orange County Superior Court 00446273CJC 02/01/2011 | | Chris Langer v. Turc's; Robert Campregher Judge: David Chaffee | | Civil rights. Complaint for violations of American's with Disabilities Act. | P: Raymond Ballisterr P. Lawyer Firm: Center For Disability Access |
| San Diego Superior San Diego | | Chris Langer v. Walter Anderson Enterprises | | Violation of the Americans With Disabilities Act. | P: Raymond Ballister |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
| --- | --- | --- | --- | --- | --- |
| Case Info | | Parties | | | Summary | Lawyers |

County
Superior Court
37-2011-
00083434-CU-
CR-CTL
01/07/2011

Defendant's restroom presented barriers to persons in wheelchairs.

San Diego
Federal and
State Branch
San Diego
Superior Court
Branches
37-2010-
00062734-CU-
CR-NC
12/08/2010
Vista

Chris Langer
v.
Apro LLC, a Delaware limited liability company;
Does

Judge: Jacqueline Stern

Violations of the American's With Disabilities Act and Unruh Civil Rights Act complaint. No wheelchair access was provided at the defendant's gas station.

P: Raymond G. Ballister Jr. P. Lawyer Firm: Center For Disability Access

San Diego
Federal and
State Branch
San Diego
Superior Court
Branches
37-2010-
00062655-CU-
CR-NC

Chris Langer
v.
Sanesco Oil LLC, a California limited liability company; Apro LLC, a Delaware limited liability company; Does

Judge: Earl Maas III

Violations of the American's With Disability Act, Unruh Civil Rights Act and California Disabled Persons Act complaint. The disabled plaintiff was denied access.

P: Raymond G. Ballister Jr. P. Lawyer Firm: Center For Diability Access

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| 12/03/2010 Vista | | to the defendant's gas station. | |
| San Diego Superior San Diego County Superior Court 37-2010-00102461-CU-NP-CTL 10/19/2010 | Chris Langer v. Hatem Mattia; Mazara Pizza and Italian Deli; Wisam Mattia; Mazara Pizza and Italian Deli; Ogden holding Company, LP | Violation of the Americans With Disabilities Act. | P: Raymond Ballister |
| Orange County Orange County Superior Court 00419353CJC 10/18/2010 | Chris Langer v. Surf Liquor, Inc.; Samuel Stewart, Jr.; Diane Stewart  Judge: Derek Hunt | Civil rights. Defendants denied plaintiff "full and equal" access by presenting wheelchair barriers at their place of business. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| Orange County Orange County Superior Court 00413494CJC 10/01/2010 | Chris Langer v. Char-O-Chicken; Glenn Jones  Judge: Andrew Banks | Civil rights. Defendants restaurant presented barriers to persons in wheelchairs. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| Los Angeles Branch Los Angeles County Superior Court Branches NC055154 09/29/2010 Long Beach | Chris Langer v. Does 1-100;Long Beach Ace Hardward;Tyler A. Barnes Trustee The Tyler A Barn | Civil Rights (General Jurisdiction) | P: Center For Disability Access |
| San Diego Superior San Diego County Superior Court 37-2010-00101214-CU-CR-CTL 09/28/2010 | Chris Langer v. Beanmeup Inc; Joseph Greeno | Complaint for violation of the Americans With Disabilities Act, negligence. Defendant's establishment presented barriers to persons in wheelchairs including the lack of accessible handicapped parking. | P: Raymond Ballister |
| Inland Counties Riverside County | Chris Langer v. Udder-Ly Inc. dba De Jong's Cash & Carry Dairy; | Americans with Disabilities Act violations. Defendants' store is | P: Raymond Ballister |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ | Lawyers ▲▼ |
|---|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| Superior Court RIC10019340 09/21/2010 Riverside | Herman Dejong, trustee; Dana Dejong, trustee; Does 1 through 100<br><br>Judge: Gary Tranbarger | missing the proper parking for would-be customers like plaintiff who use a wheelchair. 🖼 | P. Lawyer Firm: Center for Disability Access |
| Los Angeles Branch Los Angeles County Superior Court Branches NC055118 09/21/2010 Long Beach | Chris Langer v. Heng's 98 Cent Store; Sakly Taing; Tony Taing; Van Nak Heng | Civil Rights (General Jurisdiction) | P: Center For Disability Access |
| San Diego Superior San Diego County Superior Court 37-2010-00100719-CU-CR-CTL 09/21/2010 | Chris Langer v. Fidel Mora; Maria Mora; Leonel Ibarra; Benny's Mexican Restaurant; Alfonzo Espinoza | Complaint for violation of American's with Disabilities Act, California Disabled Persons Act. 🖼 | P: Raymond Ballister |
| Los Angeles Branch Los Angeles County Superior Court Branches SC108921 07/26/2010 Santa Monica | Chris Langer v. Judith Galvan; Robert A. Galvan; Jose Moya; Pachos's Taco | Civil Rights (General Jurisdiction) | P: Raymond G. Ballister Jr. |
| Los Angeles Branch Los Angeles County Superior Court Branches NC054893 07/19/2010 Long Beach | Chris Langer v. Chicago Four Enterprises Inc.; John L. Sutton | Civil Rights (General Jurisdiction) | P: Raymond G. Ballister Jr. |
| Orange County Orange County Superior Court 00391073CJC 07/19/2010 | Chris Langer v. Shore House Cafe, Inc.; Sandcastle, LLC<br><br>Judge: James DiCesare | Civil rights. Defendants restaurant presented barriers to persons in wheelchairs, violating the Americans with Disabilities Act Accessibility Guidelines. | P: Raymond Ballister P. Lawyer Firm: Center For Disability Access |
| Los Angeles Branch | | Civil Rights (General Jurisdiction) | P: Raymond |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| Los Angeles County Superior Court Branches SC108699 07/07/2010 Santa Monica | | Chris Langer v. Dealy-Winter; Rockin' Horse Inc. | | | G. Ballister Jr. |
| Los Angeles Branch Los Angeles County Superior Court Branches YC062773 07/06/2010 Torrance | | Chris Langer v. Rosalie Clark; Local Lounge West Inc.; The Herbert Clark Decedents Trust | | Civil Rights (General Jurisdiction) | P: Raymond G. Ballister Jr. |
| Los Angeles Branch Los Angeles County Superior Court Branches NC054779 06/30/2010 Long Beach | | Chris Langer v. Domenico's Pizza Inc.; Lillian G. Papadakis Trust Stamatina Bratsa | | Civil Rights (General Jurisdiction) | P: Center For Disability Access |
| Orange County Orange County Superior Court 00385590 06/25/2010 | | Chris Langer v. Woody's Diner, Inc.; Douglas Maris Trustee; Charlene Maris Trustee Judge: Kirk Nakamura | | Defendants failed to ensure that their premises are barrier free and comply with Americans with Disabilities Act Accessibility Guidelines. | P: Mark Potter P. Lawyer Firm: Center For Disability Access |
| San Diego Superior San Diego County Superior Court 37-2010-00094410 06/17/2010 | | Chris Langer v. Turf Supper Club LLC; Jon Stamatopoulis; Peter Stamatopoulis | | Complaint for damages; injunctive relief. 🔒 | P: Raymond Ballister |
| Wisconsin Milwaukee County Circuit Court 2009CV005113 04/03/2009 Milwaukee | | Christopher Langer; Franciscan Health Benefit Plan; American Family Mutual Insurance Company v. The Automobile Insurance Company of Hartford Connecticut; Caprice Ortivez Judge: Cooper | | NOS: Car collision where plaintiff Langer was struck while riding his bicycle. | P: Travis Glandt P. Lawyer Firm: Kummer Lambert |
| Los Angeles Branch Los Angeles County Superior Court Branches | | Chris Langer v. Estate Of Mary Mcdemas; Tahiti Girl Inc. | | NOS: Civil Rights (General Jurisdiction) | P: Mark D. Potter |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |

SC101021
12/17/2008
Santa Monica

| | | | | | |
|---|---|---|---|---|---|
| Los Angeles Branch Los Angeles County Superior Court Branches SC100982 12/16/2008 Santa Monica | | Chris Langer v. Thomas Byrne; Dalys Joxer; Michael Oledry; Washington Capital Center Llc | | NOS: Civil Rights (General Jurisdiction) | P: Mark D. Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches SC100740 11/25/2008 Santa Monica | | Chris Langer v. Alibi Bar Lp | | NOS: Civil Rights (General Jurisdiction) | P: Mark D. Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches SC100684 11/20/2008 Santa Monica | | Chris Langer v. Jacquelyn Campbell; Cock N Bull Pub; Anthony Moogan | | NOS: Civil Rights (General Jurisdiction) | P: Mark D. Potter |
| Los Angeles Federal USDC Central District of California 2:08-cv-07636 11/19/2008 Western Division - Los Angeles | | Chris Langer v. Jesse Figueroa; Maria Figueroa; Juan Alvarado, d.b.a. Tacos Y Mariscos El Primo; Does Judge: RGK | | NOS: Removal of complaint for violations of the Americans With Disabilities Act. | P: Mark Potter P. Lawyer Firm: Center for Disability Access- San Marcos D: Andrea Cook D. Lawyer Firm: Andrea Cook & Associates |
| Los Angeles Branch Los Angeles County Superior Court Branches SC100124 10/08/2008 Santa Monica | | Chris Langer v. El Astro Motel | | NOS: Civil Rights | P: Mark D. Potter |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ | Lawyers ▲▼ |
|---|---|---|---|---|---|---|
| Case Info | | Parties | | | Summary | Lawyers |
| Los Angeles Branch Los Angeles County Superior Court Branches SC100123 10/08/2008 Santa Monica | | Chris Langer v. Jose Jesus Flores; 11703 Washington Pl.Prorerty Management Company | | | NOS: Civil Rights | P: Mark D. Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches SC100122 10/08/2008 Santa Monica | | Chris Langer v. Richard Ricimora; Lincoln Beverage And Fine Wines; Helal Nazmual; Trustee Racimora Trust | | | NOS: Civil Rights | P: Mark D. Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches SC100121 10/08/2008 Santa Monica | | Chris Langer v. Farrokh Keyvan; J & L Products Llc.; Trustee F & Z Keyvan Trust; Zohreh Keyvan Trustee F & Z Keyvan Trust | | | NOS: Civil Rights | P: Mark D. Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches SC100120 10/08/2008 Santa Monica | | Chris Langer v. Dcg Corp.; Carol Gardner; Dean S. Gardner; Trustee Gardner Family Trust | | | NOS: Civil Rights | P: Mark D. Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches SC100119 10/08/2008 Santa Monica | | Chris Langer v. Nina L. Haro; La Cabana Restaurant; Trustee Nina L. Haro Trust | | | NOS: Civil Rights | P: Mark D. Potter |
| Los Angeles Branch Los Angeles County Superior Court Branches SC100087 10/06/2008 Santa Monica | | Chris Langer v. Jeffrey Paul; Dayna Paul; The Outdoor Grill Handy J Inc.; Trustee J & D Paul Trust | | | NOS: Civil Rights | P: Mark D. Potter |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ | Lawyers ▲▼ |
|---|---|---|---|---|---|---|
| Case Info | | Parties | | | Summary | Lawyers |

Los Angeles Branch
Los Angeles County Superior Court Branches
SC100086
10/06/2008
Santa Monica

Chris Langer
v.
Lincoln Boulevard Associates Llc.; Lenzini Pizza; Alexander Parizher

NOS:
Civil Rights

P: Mark D. Potter

---

Orange County
Orange County Superior Court
00112980
10/06/2008

Chris Langer
v.
Jay Andrus ; Laguna Beach Cyclery, Inc.

Judge: Kazuharu Makino

NOS:
Defendants failed to provide adequate access for handicapped.

P: Mark Potter
P. Lawyer Firm: Center for Disability Access

---

Los Angeles Branch
Los Angeles County Superior Court Branches
SC099822
09/17/2008
Santa Monica

Chris Langer
v.
Pacos Tacos Inc.; Hamae Shoga; Yoshia Shogo

NOS:
Civil Rights

P: Mark D. Potter

---

Los Angeles Branch
Los Angeles County Superior Court Branches
SC099821
09/17/2008
Santa Monica

Chris Langer
v.
J.R. Pizza Inc.; W B Development Company

NOS:
Civil Rights

P: Mark D. Potter

---

Los Angeles Branch
Los Angeles County Superior Court Branches
SC099820
09/17/2008
Santa Monica

Chris Langer
v.
Johnnie's Restaurant Inc.; Sonya Passy

NOS:
Civil Rights

P: Mark D. Potter

---

San Diego Superior
San Diego County Superior Court
37-2008-00091862
09/16/2008

Chris Langer
v.
Snell Properties, LLC; Doug Yates; Rocky's Surf Shop

NOS:
Complaint for damages; violations of American's with Disabilities Act, California Disabled Persons Act.

P: Mark Potter

---

Los Angeles Branch
Los Angeles

Chris Langer
v.
Accm Inc.; Mort 415 Washington Llc.

NOS:
Civil Rights

P: Mark D. Potter

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |

County
Superior Court
Branches
SC099728
09/12/2008
Santa Monica

| | | | | | |
|---|---|---|---|---|---|
| Orange County Orange County Superior Court 00111236 08/27/2008 | Chris Langer v. Masters Properties ; Boragno Enterprises, Inc. dba Medi-Rx Pharmacy  Judge: Jamoa Moberly | | | NOS: Defendants failed to provide adequate access for handicapped. | P: Mark Potter P. Lawyer Firm: Center for Disability Access |
| Orange County Orange County Superior Court 00111309 08/25/2008 | Chris Langer v. Jinan N Rayes; Emerald Financial LLC  Judge: Corey Cramin | | | NOS: Violations of American's with Disabilities Act. | P: Center for Disability Access LLP |
| Orange County Orange County Superior Court 00111091 08/25/2008 | Chris Langer v. Avila's MC, Inc. ; Avila Brothers, LLC  Judge: Kirk Nakamura | | | NOS: Defendants failed to provide adequate access for handicapped. | P: Mark Potter P. Lawyer Firm: Center for Disbility Access |
| Orange County Orange County Superior Court 00111078 08/22/2008 | Chris Langer v. Papa Liquor, Inc.  Judge: Kirk Nakamura | | | NOS: Defendants failed to provide adequate access for handicapped. | P: Mark Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2008-00065413-CU-CR-EC 07/03/2008 El Cajon | Chris Langer v. Sean Leahy, dba Cheers of Ramona; Mollie Carmichael; Does  Judge: Eddie Sturgeon | | | NOS: Violations of the Americans With Disabilities Act complaint. The disabled plaintiff was denied access to the defendants' tavern. | P: Mark D. Potter P. Lawyer Firm: Center For Disability Access LLP |
| Los Angeles Branch Los Angeles County Superior Court Branches LC082005 07/02/2008 Van Nuys | Chris Langer v. Winall Oil | | | NOS: Civil Rights | P: Mark Eric Parkan |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| Los Angeles Branch Los Angeles County Superior Court Branches SC098687 06/19/2008 Santa Monica | | Chris Langer v. Liquor Locker; Pitz-Sunset Llc. | | NOS: Civil Rights | P: Center For Disability Access |
| Los Angeles State Los Angeles Superior Court Central District BC392962 06/19/2008 | | Chris Langer v. Abner Petroleum, Inc; 6537 Melrose Avenue Partnership Judge: Treu | | NOS: American's with Disabilities Act | P: Mark Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2008-00064925-CU-CR-EC 06/17/2008 El Cajon | | Chris Langer v. Gourmet Vesuvio Pizza Inc., a California corporation; Catherine Acquardo, trustee Acquardo Family Trust; Does Judge: Eddie Sturgeon | | NOS: Violations of the Americans With Disabilities Act complaint. The disabled plaintiff was denied access to the defendants' establishment. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2008-00064924-CU-CR-EC 06/17/2008 El Cajon | | Chris Langer v. Erin Lam, dba Kim Hong Audio & Video; Robert Londo; Denny Londo; Does Judge: Laura Halgren | | NOS: Violations of the Americans With Disabilities Act complaint. The defendants didn't provide wheelchair access to their facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 37-2008-00085979 06/17/2008 | | Chris Langer v. Nutek Auto Repair Shop, Inc.; Joseph & Pearl Recht Family Trust | | NOS: Complaint for damages; violations of the American's with Disabilities Act, California Disabled Persons Act; negligence. Defendant's Auto Repair Shop presented barriers to persons in wheelchairs including a lack of disabled parking and | P: Eric Parkan |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| | | fully accessible bathroom. 🖼 | |
| Los Angeles State Los Angeles Superior Court Central District BC392587 06/12/2008 | Chris Langer v. 7150 Melrose, LLC; Sean Baharinejad dba Baskin Robbins Judge: Feffer | NOS: Unruh Civil Rights Act (lack of parking for the disabled) 🖼 | P: Mark Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2008-00064649-CU-NP-EC 06/11/2008 El Cajon | Chris Langer v. Rising Sun Import Parts Incorporated, a California corporation; Daniel Hahlbohm, trustee of Hahlbohm Family Trust of 03-09-89; Janice Hahlbohm, trustee of Hahlbohm Family Trust of 03-09-89; Does Judge: Eddie Sturgeon | NOS: Violations of the American's With Disabilities Act complaint. The defendants didn't provide wheelchair access to their facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2008-00054599-CU-CR-NC 05/15/2008 Vista | Chris Langer v. Gemini 85 Properties LLC, a California limited liability company; Lisa Deness, dba Eddies Smog Service; Matthew Deness, dba Eddies Smog Service; Does Judge: Jacqueline Stern | NOS: Violations of the Americans With Disabilities Act complaint. The defendants didn't provide wheelchair access to their facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2008-00054103-CU-CR-NC 05/07/2008 Vista | Chris Langer v. El Plantio Nursery-Landscaping Inc., a California corporation; Warren Snapp; William Snapp, trustee; Wendy Snapp, trustee; Does Judge: Michael Orfield | NOS: Violations of the Americans With Disabilities Act complaint. The defendants didn't provide wheelchair access to their nursery facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00055303-CU-CR-NC 08/16/2007 Vista | Chris Langer v. Village Corner LLC, a California limited liability company; Village Pub Inc., a California corporation; Does Judge: Jacqueline Stern | NOS: ADA violations complaint. The defendants failed to provide wheelchair access to their facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00055537-CU-CR-NC 08/10/2007 Vista | Chris Langer v. Ralph Burnett Jr., trustee; Lana Burnette, trustee; Kenneth Kosta, dba Spin Records; Does<br><br>Judge: Thomas Nugent | NOS: ADA violations complaint. The defendants didn't provide access to disabled persons to their music store. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00055426-CU-CR-NC 08/08/2007 Vista | Chris Langer v. Ludvik Grigoras; Veronica Grigoras; Sandra Dee Delarosa, dba Raw Skin Surf N Sport; Does<br><br>Judge: Jacqueline Stern | NOS: ADA violations action. The plaintiff, a disabled person, encountered architectural barriers when he patronized the defendants' store. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00060561-CU-CR-EC 08/07/2007 El Cajon | Chris Langer v. Ted Mountain, trustee of the Ted R. Mountain Trust of 04-04-01; Huynh Tam, dba 99 Cent VIP Store; Does<br><br>Judge: Eddie Sturgeon | NOS: ADA violations lawsuit. The plaintiff, a disabled person, was denied access to the defendants' establishment. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00055106-CU-CR-NC 08/06/2007 Vista | Chris Langer v. 1284 San Marcos Boulevard LLC, a California limited liability company; Nicholas Ramo, dba Liquor Stop; William Ramo, dba Liquor Stop; Does<br><br>Judge: Thomas Nugent | NOS: ADA violations complaint. The plaintiff, a disabled person, was denied access to the defendants' liquor store. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00060471-CU-CR-EC 08/03/2007 El Cajon | Chris Langer v. Van (Le) Nguyen; T N Tuyet; Grace Bempong, dba African Caribbean Food Market; Does<br><br>Judge: Eddie Sturgeon | NOS: ADA violations complaint. The defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00054674-CU-CR-NC 07/25/2007 Vista | Chris Langer v. Aida Tartir, dba Orange Glen Market; Omar Tartir, dba Orange Glen Market; Carmen Nanci; Soni Nanci; Does Judge: Michael Orfield | NOS: ADA violations complaint. The plaintiff, a disabled person, was denied access to the defendants' market. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00054602-CU-CR-NC 07/24/2007 Vista | Chris Langer v. Renee Y. Park, trustee of the 1994 Renee Yvonne Park Revocable Trust; Gary Sweet, dba Brothers On 5th Avenue; Sweet Spot Inc., a California corporation; Does Judge: Jacqueline Stern | NOS: ADA violations complaint. The defendants did not provide wheelchair access to their facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disabilitiy Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00054603-CU-CR-NC 07/24/2007 Vista | Chris Langer v. Florence J. Cowen, trustee, Florence J. Cowen 1994 Trust 11-02-94; Abel Delatorre, dba The Strand Bar; William Peralta, dba Strand Bar; Does Judge: Thomas Nugent | NOS: ADA violations complaint. The defendants' Bar and Grill did not provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00054545-CU-CR-NC 07/19/2007 Vista | Chris Langer v. Country Feed Inc., a California corporation; Sandra Patton, trustee of the Sandra G. Patton Revocable Trust; Does Judge: Jacqueline Stern | NOS: ADA violations complaint. While shopping for rabbit food at the defendants' establishment, the plaintiff, was denied accommodation for his disabilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| Orange County Orange County Superior Court 07cc08110 07/19/2007 | Chris Langer v. San Clemente Outrigger, Inc. Judge: Jamoa Moberly | NOS: Defendants failed to provide adequate access for handicapped. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego | Chris Langer v. Clifford Ward Jr., trustee of the Ward Family Trust of 1-20-89; Pamela Perdue, trustee of the Ward | NOS: ADA violations complaint. The defendants did no | P: M. Eric Parkan P. Lawyer Firm: |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| Superior Court Branches 37-2007-00054462-CU-CR-NC 07/18/2007 Vista | Family Trust of 1-20-89; C.J. Charles Ltd., dba Somewhere In Time Antiques & Fine Collectibles; Does<br><br>Judge: Michael Anello | provide wheelchair access to their facilities. | Center For Disability Access LLP |
| Orange County Orange County Superior Court 07cc08008 07/16/2007 | Chris Langer v. Ole's Tavern, Inc. ; Singer Diversified, L.P.<br><br>Judge: H. Warren Siegel | NOS: Defendants failed to provide adequate access for handicapped. | P: M. Eric Parkan P. Lawyer Firm: Center for Disabilty Access |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00054424-CU-CR-NC 07/13/2007 Vista | Chris Langer v. Charles Myers, dba Surf Zone; Mary Myers, dba Surf Zone; Gene Edick, trustee; Does<br><br>Judge: Michael Anello | NOS: ADA violations complaint. The defendants' facilities did not provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| Orange County Orange County Superior Court 07cc07921 07/13/2007 | Chris Langer v. T&G Management, Inc. dba Molly Blooms<br><br>Judge: Charles Margines | NOS: Defendants failed to provide adequate access for handicapped. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2007-00071150 07/13/2007 | Chris Langer v. Black Whale Inc.; Nancy L. Boyer | NOS: Complaint for damages and injunctive relief for violations of American's with disabilities act. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2007-00071151 07/13/2007 | Chris Langer v. Mission Square Shopping Center; Hyman Glaser; Pamela Smith; Classic Consignment | NOS: Complaint for damages and injunctive relief for violations of American's with disabilities act. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| Orange County Orange County Superior Court 07cc07868 07/11/2007 | Chris Langer v. Mi Lee dba Party Time Liquor<br><br>Judge: Robert Moss | NOS: Defendants failed to provide adequate access for handicapped. | P: M. Eric Parkan P. Lawyer Firm: Center for |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| Orange County Orange County Superior Court 07cc07876 07/10/2007 | | Chris Langer v. Silverado Enterprises, Inc. Judge: W. Michael Hayes | | NOS: Defendants failed to provide adequate access for handicapped. | Disability Access P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| Orange County Orange County Superior Court 07cc07770 07/09/2007 | | Chris Langer v. The Rred Fox Lounge, Inc. Judge: Jane Myers | | NOS: Defendants failed to provide adequate access for handicapped. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2007-00069617 07/05/2007 | | Chris Langer v. Armist A. Bellville; Joy H. Bellville; Soon Sim Kim | | NOS: Complaint for damages and injunctive relief for violation of American's with Disabilities Act, Unruh Civil Rights Act, California Disabled Persons Act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2007-00069406 06/29/2007 | | Chris Langer v. Rainwater Inc.; George Scolari | | NOS: Complaint for damages and injunctive relief for violations of American's with Disabilities Act. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2007-00068652 06/18/2007 | | Chris Langer v. Kermit, Inc.; Charles Evan Gilbert. | | NOS: Complaint for damages and injunctive relief. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access, LLP |
| San Diego Superior San Diego County Superior Court 37-2007-00068151 06/08/2007 | | Chris Langer v. Jonsan Inc.; Alessio Leasing Inc. | | NOS: Complaint for damages and injunctive relief for violations of American's with Disabilities Act, Unruh Civil Rights Act, California Disabled Persons Act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| **Case Info** | | **Parties** | | **Summary** | **Lawyers** |
| San Diego Superior San Diego County Superior Court 37-2007-00067352 05/25/2007 | | Chris Langer v. Bargain Center Inc. | | NOS: Complaint for damages and injunctive relief for violations of American's with Disabilities Act, Unruh Civil Rights Act, California Disabled Person's Act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 37-2007-00066598 05/11/2007 | | Chris Langer v. Chales Skerlevcz III; Cal Coast Bicycles; Hugh Motamedi Saber; Joice Motamedi Saber. | | NOS: Complaint for damages and injunctive relief. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access, LLP |
| San Diego Superior San Diego County Superior Court 37-2007-00066486 05/09/2007 | | Chris Langer v. King Pin Corp; James Richardson; Sharon Richardson. | | NOS: American's with Disabilities Act. | P: Mark Potter |
| San Diego Federal and State Branch San Diego Superior Court Branches GIS28854 04/20/2007 Chula Vista | | Chris Langer v. Montecarlo Auto Stop Inc., a California corporation; Does Judge: William Cannon | | NOS: ADA violations. The plaintiff, a disabled man, was denied access to the defendant's automobile dealership. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 37-2007-00064113 03/27/2007 | | Chris Langer v. Dean Van Dinh | | NOS: Complaint for damages and injunctive relief. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access, LLP |
| San Diego Federal and State Branch USDC Southern District of California 07CV0560 03/26/2007 | | Chris Langer v. Rainbow Oaks Inc. Judge: J | | NOS: Removal of complaint for violations of the Americans With Disabilities Act and Unruh Civil Rights Act. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP D: Robert H. Tyler D. Lawyer Back to topFiomoJyler |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers & Associates |
| San Diego Superior San Diego County Superior Court 882232 03/22/2007 | | Chris Langer v. CTM Diaz Inc.; Rhythm Lounge; Susan Webb; Lynn Webb | | NOS: Complaint for damages and injunctive relief for violations of American's with Disabilities Act, Unruh Civil Rights Act, California Disabled Person's Act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches GIS28468 03/20/2007 Chula Vista | | Chris Langer v. Neviea Rosene, dba The Lions Den; Vicent M. Platt, trustee of the Platt Living Trust of 12-26-95; Does  Judge: William Cannon | | NOS: ADA violations complaint where the defendants did not provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 881997 03/19/2007 | | Chris Langer v. James E. Lester; Pamela Hamilton Lester; Pacwest Enterprises, LLC; Wing Choy. | | NOS: Complaint for damages and injunctive relief. Defendants operated a restaurant without proper facilities and accomodations for disabled patrons, causing plaintiff much emotional distress. | P: M.Eric Parkan P. Lawyer Firm: Center for Disability Access, LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE036968 03/14/2007 El Cajon | | Chris Langer v. Jerod Cooper, dba JC Feed & Supply; Marla Cooper, dba JC Feed & Supply; Does  Judge: Eddie Sturgeon | | NOS: ADA violations complaint where the defendants did not provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch USDC Southern District of California 07CV0469 03/14/2007 | | Chris Langer v. El Cajon Motors, a California corporation; Does  Judge: J | | NOS: Removal of complaint for ADA violations. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP D: Steven E. Boehmer D. Lawyer |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| | | | Firm: McDougal Love |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE036902 03/09/2007 El Cajon | Chris Langer v. Ali Mohammad, dba V Tek Auto Sales; Marie Beeman, trustee of the Marie Beeman Trust dated August 22, 1990; Does<br><br>Judge: Jan Goldsmith | NOS: ADA violations complaint where the defendant did not provide wheelchair access to their facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIS28323 03/09/2007 Chula Vista | Chris Langer v. Performance Tire Warehouse Inc., a California corporation; Does<br><br>Judge: William Cannon | NOS: ADA violations complaint in which the defendant did not provide access to disabled persons, including the plaintiff. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00050950-CU-CR-NC 03/08/2007 Vista | Chris Langer v. Hydrobrew Inc., a California corporation; Tracy Scheidel; Does<br><br>Judge: Michael Orfield | NOS: ADA violations complaint in which the defendant denied access to disabled persons, including the plaintiff. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE036641 03/02/2007 El Cajon | Chris Langer v. Rocket Racing Inc., a California corporation; Martyco Inc., a California corporation; Does<br><br>Judge: Eddie Sturgeon | NOS: ADA violations complaint where the plaintiff, a disabled person, was denied access to the defendants' facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00050709-CU-CR-NC 03/01/2007 Vista | Chris Langer v. Joseph Hernandez, trustee; Marjorie Hernandez, trustee; Bisrat Andemicael, dba Ocean 7 Food Store; Willie Tesfazghi Woldeab, dba Ocean 7 Food Store; Does<br><br>Judge: Jacqueline Stern | NOS: ADA violations complaint in which the plaintiff, a disabled person, was denied access to the defendants' facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and | Chris Langer v. | NOS: ADA violations | P: M. Eric Parkan |

Back to top

https://www.courthousenews.com/Subscribers/

10/12/2012

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| **Filing Date ▲▼** | **Case Number ▲▼** **Court Name ▲▼** **Plaintiffs ▲▼** **Defendants ▲▼** **Summary ▲▼** | | |
| State Branch San Diego Superior Court Branches GIE036772 02/28/2007 El Cajon | David Brown, dba Antiques In The Attic; Cheri Degeilh, dba Antiques In The Attic; Does<br><br>Judge: Jan Goldsmith | complaint where the defendants denied access to disabled persons, including the plaintiff. | P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00050654-CU-CR-NC 02/28/2007 Vista | Chris Langer<br>v.<br>Harvey W. Schwarz Jr., trustee of the Harvey W. Schwartz Jr. Trust; John E. Kirk, dba Pro Tec Lock & Safe; Does<br><br>Judge: Michael Anello | NOS: ADA violations complaint where the defendants denied access to disabled persons, including the plaintiff. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE036634 02/23/2007 El Cajon | Chris Langer<br>v.<br>John Cassidy Jr.; Vicki Cassidy; Does<br><br>Judge: Eddie Sturgeon | NOS: ADA violations lawsuit where the defendants failed to provide wheelchair access to their Fishing Tackle and Supplies store. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE036527 02/16/2007 El Cajon | Chris Langer<br>v.<br>Legacy Cars Inc., a California corporation; Giovanni Spinali; Does<br><br>Judge: Jan Goldsmith | NOS: ADA violations complaint in which the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00050258-CU-CR-NC 02/15/2007 Vista | Chris Langer<br>v.<br>SWTMTS Inc., a California corporation; Does<br><br>Judge: Michael Orfield | NOS: ADA violation complaint over architectural barriers. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 880078 02/13/2007 | Chris Langer<br>v.<br>Thornton Auto Group, Inc; Behrooz Farhood Trustee; Jeannette Farhood. | NOS: Americans with Disabilities Act. | P: Mark D Potter |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| San Diego Federal and State Branch San Diego Superior Court Branches 37-2007-00050215-CU-CR-NC 02/08/2007 Vista | Chris Langer v. Tuff Shed Inc., a Colorado corporation; Kermit A. Eaton, trustee; Jean A. Eaton, trustee; Does<br><br>Judge: Michael Orfield | NOS: ADA violations complaint where the plaintiff, a disabled person, was denied access to the defendants' facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE036388 02/08/2007 El Cajon | Chris Langer v. Don's Cocktail Lounge Inc., a California corporation; Samir Razzoky; Rawa Razooky; Lucy Razzoky; Riadh Razzoky; Does<br><br>Judge: Jan Goldsmith | NOS: ADA violations complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 879785 02/07/2007 | Chris Langer v. Edward Bagdsar; A.E. Bagdsar; Carlos J. Tavares Jr., Trustee | NOS: Complaint for damages, injunctive relief, American's with Disabilities Act, unruh civil rights act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE036301 02/05/2007 | Chris Langer v. New West Petroleum S.D. 1 Inc.; a California corporation; New West Petroleum L.P., a limited partnership; Does<br><br>Judge: Jan Goldsmith | NOS: ADA violations complaint where the plaintiff, a disabled person, was denied access to the defendants' gas station and mini mart. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |

Page | 1 | of 2 | Jump |     next page  last page     Items Per Page: | 200 ▾ | update |

Back to top

Number of results returned: 324

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN059018 02/02/2007 Vista | | Chris Langer v. Storage Barns Industries Inc., a California corporation; Bennie Cassara; Mary Cassara; Does<br><br>Judge: Jacqueline Stern | | NOS: ADA violations complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 879501 02/02/2007 | | Chris Langer v. Barrio Foods, Inc; The Boardwalk Bistro; Frank C Wong; Carolyn Wong. | | NOS: Violation of Disabled Persons Act. | P: Mark Potter |
| San Diego Superior San Diego County Superior Court 879147 01/29/2007 | | Chris Langer v. SS & KH Corporation; San Diego Auto Finder; Eileen Barron | | NOS: Complaint for damages and injunctive relief for violations of American's with disabilities act; unruh civil rights act; California disabled person's act; negligence. 📷 | P: Eric Parkan; Mark Potter; Russell Handy; Christiana Poynter |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE036146 01/29/2007 El Cajon | | Chris Langer v. Hollywood Auto Mall LLC., a California limited liability company; Pasquale Oliveri; Santo Oliveri; Gaspare Oliveri; Maria Cefalu; Does<br><br>Judge: Jan Goldsmith | | NOS: ADA complaint over architectural barriers. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE036088 01/25/2007 El Cajon | | Chris Langer v. Bruce Scott, dba VIP Auto Sales; James W. Coulsby Jr., trustee of the Coulsby Family Trust; Constance Arden Coulsby, trustee of the Coulsby Family Trust; Does<br><br>Judge: Eddie Sturgeon | | NOS: ADA complaint where the plaintiff, a disabled man, was denied access to the defendants' facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior | | Chris Langer v. Ozlem Tezveren; Olive Cafe; Trustee of Helgi Heinzmann Trust. | | NOS: American's with Disabilities Act. | P: Mark C Potter |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| Court 878942 01/24/2007 | | | |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE36013 01/22/2007 El Cajon | Chris Langer v. El Cajon Motors, a California corporation Judge: Jan Goldsmith | NOS: Violations of The Americans With Disabilities Act complaint where the defendant denied access to disabled persons, including the plaintiff. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN58098 01/09/2007 Vista | Chris Langer v. Oceanside Cycle Supply Inc Judge: Jacqueline Stern | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIS27544 01/09/2007 Chula Vista | Chris Langer v. All Star Glass Inc; Sam Scharaga, trustee; Hermine L. Scharaga, trustee Judge: William Cannon | NOS: Violations of The Americans With Disabilities Act complaint where the plaintiff, a disabled person, was denied access to the defendants' establishment. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE35858 01/08/2007 El Cajon | Chris Langer v. Darwin Lee Edward, dba Eskimo Radiator & Air Conditioning; Donna L. Rutledge, trustee of The Rutledge Inter Vivos Trust Judge: Eddie Sturgeon | NOS: Violations of The Americans With Disabilities Act complaint in which the defendants denied access to disabled persons, including the plaintiff. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 878064 01/08/2007 | Chris Langer v. The Farvey Company, LLC; Bicycle Discovery, Inc. | NOS: Complaint for damages and injunctive relief. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access, LLP |
| San Diego Federal and State Branch | Chris Langer v. Tony Yousif Patros, dba Lake Murray | NOS: Violations of The Americans With Disabilities Act complaint | P: M. Eric Parkan P. Lawyer Firm: |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| **Case Info** | | **Parties** | | **Summary** | **Lawyers** |
| San Diego Superior Court Branches GIE35802 01/03/2007 El Cajon | | Liquor; Jack Hani Mansour, dba Lake Murray Liquor; Union Bank, trustee for Ruth A. Dahlberg<br><br>Judge: Eddie Sturgeon | | where the plaintiff, a disabled person, was denied access to the defendants' establishment. 📷 | Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIS27445 01/03/2007 Chula Vista | | Chris Langer v. Tileforce Inc; GBP Properties Ltd.<br><br>Judge: William Cannon | | NOS: Violations of The Americans With Disabilities Act complaint where the defendants denied access to disabled persons, including the plaintiff. 📷 | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN58068 12/29/2006 Vista | | Chris Langer v. Buck-OO Bucks Advance<br><br>Judge: Michael Anello | | NOS: Violations of The Americans With Disabilities Act of 1990 complaint where the defendant denied access to disabled persons to its pay roll advance and check cashing business facility. 📷 | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIS27370 12/29/2006 Chula Vista | | Chris Langer v. Siry Inc.<br><br>Judge: William Cannon | | NOS: Violations of The Americans With Disabilities Act complaint where the defendant failed to provide wheelchair access to its Automobile Dealership. 📷 | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE35740 12/28/2006 El Cajon | | Chris Langer v. Tieu Thi Voss, trustee of The Tieu Thi Voss Trust of 2001<br><br>Judge: Eddie Sturgeon | | NOS: Violations of The Americans With Disabilities Act complaint where the plaintiff, a disabled person, was denied access to the defendants' Thrift Store. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIS27342 | | Chris Langer v. Herrejon Dorazco, dba Los Nicos Taco Shop; Fireside Properties Inc<br><br>Judge: William Cannon | | NOS: Violations of The Americans With Disabilities Act complaint in which the plaintiff, a disabled person, was denied access to the defendants' establishment. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP<br><br>Back to top |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| 12/21/2006 Chula Vista San Diego Federal and State Branch San Diego Superior Court Branches GIE35620 | Chris Langer v. J&J Properties A LLC; CAT Daddy's A LLC<br><br>Judge: Eddie Sturgeon | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| 12/20/2006 El Cajon San Diego Federal and State Branch San Diego Superior Court Branches GIE35582 | Chris Langer v. Istafan Maroki, dba Shishkebab Restaurant; Salim P. Talia<br><br>Judge: Jan Goldsmith | NOS: Violations of The Americans With Disabilities Act complaint in which the plaintiff, a disabled person, was denied access to the defendants' facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| 12/18/2006 El Cajon San Diego Federal and State Branch San Diego Superior Court Branches GIS27270 | Chris Langer v. Heang Chau, dba Plaza Donuts; Epstein Enterprises<br><br>Judge: William Cannon | NOS: Violations of The Americans With Disabilities Act lawsuit where the plaintiff, a disabled person, was denied access to the defendants' facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| 12/15/2006 Chula Vista San Diego Federal and State Branch San Diego Superior Court Branches GIE35519 | Chris Langer v. Joseph Thomas Lawler, trustee; Charles Bennett, trustee<br><br>Judge: Eddie Sturgeon | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide wheelchair access to their Hub Cap and Wheel Store facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| 12/14/2006 El Cajon San Diego Superior San Diego County Superior Court 877007 | Chris Langer v. Route 66 Gas; Muna Attisha | NOS: Complaint for violation of American's with Disabilities Act and California Disabled Persons Act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| 12/14/2006 San Diego Federal and State Branch San Diego | Chris Langer v. Samir Jirjis Pouta, dba Bobs Bottle Shop; M. Diane H. Alkire, trustee of | NOS: Violations of The Americans With Disabilities Act complaint where the defendants denied | P: M. Eric Parkan P. Lawyer Firm: Center For |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
| --- | --- | --- | --- | --- | --- |
| Case Info | | Parties | | Summary | Lawyers |
| Superior Court Branches GIE35466 12/11/2006 El Cajon | | The M. Diane H. Alkire Revocable Trust<br><br>Judge: Eddie Sturgeon | | access to disabled persons, including the plaintiff. | Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIS27173 12/11/2006 Chula Vista | | Chris Langer v. David Katz, dba Oak Outlet Plus; Elizabeth Katz, dba Oak Outlet Plus<br><br>Judge: William Cannon | | NOS: Violations of The Americans With Disabilities Act complaint in which the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE35385 12/05/2006 El Cajon | | Chris Langer v. David Hallak, dba Emerald Oil; Saher Hallak, dba Emerald Oil; Investcal Realty Corporation<br><br>Judge: Eddie Sturgeon | | NOS: Violations of The Americans With Disabilities Act complaint where the defendants denied access to disabled persons, including the plaintiff. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIS27096 12/05/2006 Chula Vista | | Chris Langer v. Stephen E. Franklin, dba Steve's Cabana Bar; Annona L. Franklin, trustee of The Franklin Family 1998 Trust<br><br>Judge: William Cannon | | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| Inland Counties Riverside County Superior Court RIC461487 12/01/2006 Riverside | | Chris Langer v. Sun Ray Saloon, LLC; Marjorie Feichter | | NOS: Violation of Unruh Civil Rights Act. Defendants failed to comply with ADAAG because there is a lack of van accessible parking on the defendant's premises. | P: Eric Parkan P. Lawyer Firm: Center for Disability Access |
| Inland Counties Riverside County Superior Court RIC460661 11/16/2006 Riverside | | Chris Langer v. Dan's Feed & Seed, Inc.; Michael & Helen Haddad | | NOS: Violation of Unruh Civil Rights Act. Defendants failed to comply with ADAAG because there is a lack of van accessible parking on the defendant's premises. | P: Eric Parkan P. Lawyer Firm: Center for Disability Access |

Back to top

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| **Filing Date ▲▼ Case Number ▲▼ Court Name ▲▼ Plaintiffs ▲▼ Defendants ▲▼ Summary ▲▼** | | | |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN57063 11/13/2006 Vista | Chris Langer v. Rainbow Oaks Inc; Kevin D. Bither; Cindy L. Bither; Randy L. LaPierre; Cindy L. LaPierre<br><br>Judge: Michael Anello | NOS: Violations of The Americans With Disabilities Act lawsuit where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| Inland Counties Riverside County Superior Court RIC460115 10/30/2006 Riverside | Chris Langer v. Dev Inc. dba Baskin Robbins | NOS: Violation of Unruh Civil Rights Act. Defendants failed to comply with ADAAG because there is a lack of van accessible parking on the defendant's premises. | P: Eric Parkan P. Lawyer Firm: Center for Disability Access |
| Inland Counties Riverside County Superior Court RIC462126 10/18/2006 Riverside | Chris Langer v. Poole Properties, Inc. | NOS: Violation of Unruh Civil Rights Act. Defendants failed to comply with ADAAG because there is a lack of van accessible parking on the defendant's premises | P: Eric Parkan P. Lawyer Firm: Center for Disability Access |
| Inland Counties Riverside County Superior Court RIC459841 10/16/2006 Riverside | Chris Langer v. Celebrations Cellars, LLC | NOS: Violation of Unruh Civil Rights Act. Defendants failed to comply with ADAAG because there is a lack of van accessible parking on the defendant's premises. | P: Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 873958 10/13/2006 | Chris Langer v. Carlos E. Vasquez | NOS: Complaint for violations of American's with Disabilities Act. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 873756 10/11/2006 | Chris Langer v. PCT&S Inc.; Edward Dessau Clarkson Jr., Trustee of the SHC Trust | NOS: Complaint for damages and injunctive relief for violations of American's with Disabilities Act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| Inland Counties Riverside County Superior Court RIC459847 10/10/2006 Riverside | Chris Langer v. Keyways Vineyard and Winery, LLC; Terri Lee Pebley, trustee of the Golden Girl Trust | | | NOS: Violation of Unruh Civil Rights Act. Defendants failed to comply with ADAAG because there is a lack of van accessible parking on the defendant's premises. | P: Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 873663 10/10/2006 | Chris Langer v. Padre Gold Inc; Linda Vista Post No 731; American Legion Dept of California. | | | NOS: Americans with Disabilities Act. | P: Mark Potter |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE34541 10/06/2006 El Cajon | Chris Langer v. TMS Door & Window Inc, dba Ideal Doors And Windows; Charles R. Swimmer; Carol E. Swimmer  Judge: Eddie Sturgeon | | | NOS: Violations of The Americans With Disabilities Act complaint where the plaintiff, a disabled person, was denied access to the defendants' facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| Inland Counties Riverside County Superior Court RIC459845 10/05/2006 Riverside | Chris Langer v. Gerald Allen Smith; Pamela Ann Smith; Colette Ilene Jackson; John William Jackson; John Antone Sterbenk dba The Country Porch; J&L Sterbenk, Inc. | | | NOS: Violation of Unruh Civil Rights Act. Defendants failed to comply with ADAAG because there is a lack of van accessible parking on the defendant's premises. | P: Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 873473 10/04/2006 | Chris Langer v. Mission Hills Automotive Inc; Woo Y Choi. | | | NOS: Americans with Disabilities act. | P: Mark Potter |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE34511 10/03/2006 El Cajon | Chris Langer v. Reeds Hobbies LLC; Vincent A. McCaffrey, trustee of The MaCaffrey Intervivos Trust dated June 15, 1982; Gwendolyn E. McCaffrey, trustee of The McCaffrey Intervivos Trust dated June 15, 1982; Karen A. Robb, trustee of The McCaffrey Intervivos Trust dated June 15, 1982 | | | NOS: Violations of The Americans With Disabilities Act complaint in which the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |

Back to top

Filing Date ▲▼  Case Number ▲▼  Court Name ▲▼  Plaintiffs ▲▼  Defendants ▲▼  Summary ▲▼

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| | Judge: Jan Goldsmith | | |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE34329 09/22/2006 El Cajon | Chris Langer v. La Mesa Carpet & Linoleum Inc; James W. Culver, trustee; Constance Culver, trustee<br><br>Judge: Jan Goldsmith | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch USDC Southern District of California 06CV1895 09/15/2006 | Chris Langer v. Salvatore Navarra, trustee of The Navarra Survivor's Trust dated November 9, 1989; Anthony G. Navarra, trustee of The Anthony G. Navarra Separate Trust dated January 13, 2000; Adeline M. Massa; Jack Robert Wilson, dba Paradise Antiques And Interiors<br><br>Judge: W | NOS: Removal of complaint for violations of The Americans With Disabilities Act. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP D: Richard J. Vattuone |
| San Diego Federal and State Branch USDC Southern District of California 06CV1852 09/13/2006 | Chris Langer v. Chevron U.S.A. Inc; Chevron Stations Inc; Ferdun Hojabri, dba La Costa Chevron<br><br>Judge: JM | NOS: Removal of complaint for violations of The Americans With Disabilities Act and California Disabled Persons Act lawsuit where the plaintiff, a disabled person, was denied access to the defendants' facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP D: Donna M. Mezias D. Lawyer Firm: Jones Day |
| San Diego Federal and State Branch USDC Southern District of California 06CV1853 09/13/2006 | Chris Langer v. J&W Redwood Lumber Company Inc; and Jennings Family Limited Partnership<br><br>Judge: H | NOS: Removal of complaint for violations of The Americans With Disabilities Act and California Disabled Persons Act in which the defendants failed to provide wheelchair access to their facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP D: Steven E. Boehmer D. Lawyer Firm: McDougal, Love, Eckis, Smith, Boehmer & Foley |
| San Diego Superior San Diego County Superior Court 871906 08/31/2006 | Chris Langer v. Drew Boomer; Roger Boomer; James Rowe; The Jewel Box; Holly Michelle Peterson | NOS: Complaint for violations of the American's with Disabilities Act. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access<br><br>Back to top |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| **Case Info** | | **Parties** | | **Summary** | **Lawyers** |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE33880 08/28/2006 El Cajon | | Chris Langer v. F&A Entertainment Inc, dba De Oro Mine Company; Steven L. Kahn, trustee of The Steven L. Kahn Family Trust dated October 31, 2002; David B. Kahn, trustee of The Kahn Family Trust dated June 14, 2003; James P. Suter, trustee of The Suter Family Trust dated March 22, 2002  Judge: Eddie Sturgeon | | NOS: Violations of The Americans With Disabilities Act complaint in which the plaintiff, a disabled person, was denied access to the defendants' facilities. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN55166 08/25/2006 Vista | | Chris Langer v. Rusty Spur Inc; Oceans6 RS LLC  Judge: Michael Anello | | NOS: Violations of The Americans With Disabilities Act and California Disabled Persons Act complaint where the plaintiff, a disabled persons, was denied access to the defendants' facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE33824 08/24/2006 El Cajon | | Chris Langer v. Salvatore Navarra, trustee of The Navarra Survivor's Trust dated November 9, 1989; Anthony G. Navarra, trustee of The Anthony G. Navarra Separate Property Trust dated January 13, 2000; Adelline M. Massa; Jack Robert Wilson, dba Paradise Antiques & Interiors  Judge: Jan Goldsmith | | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN55071 08/24/2006 Vista | | Chris Langer v. Haunted Head Inc; Tran Hay Nguyen; Manh Van Nguyen  Judge: Jacqueline Stern | | NOS: Violations of The American's With Disabilities Act and California Disabled Persons Act complaint where the plaintiff, a disabled person, was denied access to the defendants' facility. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior County San Diego Superior Court 871471 08/24/2006 | | Chris Langer v. William Henry Lutzius; Aero Club; Marian E. Prophett | | NOS: Complaint for violations of American's with Disabilities Act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access |
| San Diego Superior San Diego | | Chris Langer v. | | NOS: Americans with Disabilities act. | P: Mark D Potter Back to top |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| County Superior Court 871341 08/23/2006 | JA Steele, Inc; Thomas J Henderson; Trustee of the Black Mtn trust. | | |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN54851 08/17/2006 Vista | Chris Langer v. J&W Redwood Lumber Company Inc; Jennings Family Limited Partnership  Judge: Thomas Nugent | NOS: Transfer case from San Diego-Central Division for violations of The Americans With Disabilities Act, Unruh Civil Rights Act, California Disabled Persons Act, and negligence. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch USDC Southern District of California 06CV1624 08/11/2006 | Chris Langer v. Payton Hardware Inc  Judge: JM | NOS: Removal of complaint for violations of The Americans With Disabilities Act where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP D: Dale B. Goldfarb D. Lawyer Firm: Harrington, Foxx, Dubrow & Canter LLP |
| San Diego Superior San Diego County Superior Court 870355 08/04/2006 | Chris Langer v. Silva Investments Inc.; Paul C. Distabile, Trustee; Carol J. Distabile, Trustee | NOS: Complaint for American's with Disabilities Act. | P: M. Eric Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN54511 08/02/2006 Vista | Chris Langer v. Kuo Ling Corporation; Chin Lung Tsai; Yu O. Tsai  Judge: Michael Orfield | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide access to disabled persons. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 870275 08/02/2006 | Chris Langer v. J&W Redwood Lumber Co., Inc.; Jennings Family Limited Partnership. | NOS: Complaint for damages and injunctive relief for violations of Americans With Disabilities Act. | P: M. Eric Parkan, et al. P. Lawyer Firm: Center for Disability Access, LLP |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| **Case Info** | | **Parties** | | **Summary** | **Lawyers** |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN54465 07/31/2006 Vista | | Chris Langer v. Chawee Keast, dba The Money Guy; Mark W. Prescott<br><br>Judge: Michael Anello | | NOS: Violations of The Americans With Disabilities Act lawsuit where the defendant denied access to disabled persons. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN54466 07/31/2006 Vista | | Chris Langer v. Chevron USA Inc; Chevron Stations Inc; Ferdun Hojabri, dba La Costa Chevron<br><br>Judge: Michael Anello | | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN54467 07/31/2006 Vista | | Chris Langer v. Virtual E Inc, which will do business in California as Checkmate; Ozelle Lewis, Trustee; John Ward Lewis III, Trustee<br><br>Judge: Michael Anello | | NOS: Violations of The Americans With Disability Act complaint where the defendants failed to provide access to disabled persons. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 870058 07/31/2006 | | Chris Langer v. Armanrana Enterprises; Mary Annette Fussell; Rebecca Fusell Migneco. | | NOS: Americans with Disabilities act. Lack of disabled parking. | P: Mark Potter |
| San Diego Superior San Diego County Superior Court 870057 07/31/2006 | | Chris Langer v. Zen 5 Corporation. | | NOS: Americans with Disabilities act. | P: Mark Potter |
| San Diego Superior San Diego County Superior Court 870038 07/31/2006 | | Chris Langer v. John G Pew; Trustee of the Dementia Trust; Suzanne G Pew; Sea Breeza Books & Charts. | | NOS: Americans with Disabilties Act, Unruh Civil Rights ACT. | P: Mark Potter |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN54463 07/28/2006 Vista | | Chris Langer v. Grand Grill Inc; Jeanene Enterprises Inc Judge: Michael Orfield | | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 869855 07/26/2006 | | Chris Langer v. Adnan Salah; Jacqueline Salah; Pic-A-Deal Inc. | | NOS: Complaint for American's with disabilities act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court GIC869660 07/21/2006 | | Chris Langer v. G&M Oil Co, LLC; Marilyn Slaon Trustee of the Leota S Lacey Trust. | | NOS: American's with Disabilities act. Plaintiff visited service station and mini mart and noticed lack of van accessible parking and lack of accessible disabled parking. | P: Mark D Potter |
| San Diego Superior San Diego County Superior Court 869548 07/19/2006 | | Chris Langer v. Jacqueline O'Connor; O'Connor Family Trust; O'Connor Grandchildren's Trust; O'Connor Church Goods Inc. | | NOS: Complaint for American's with disabilities act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 867289 07/17/2006 | | Chris Langer v. US Trading Inc; Oved Haskal; 99 Cent Hillcrest; Clifton L Payne. | | NOS: Complaint for violation of Americans with Disabilities act, negligence. | P: Mark Potter |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE33029 07/05/2006 El Cajon | | Chris Langer v. Nature's First Law Inc; Alamor Development Company Judge: Jan Goldsmith | | NOS: The Americans With Disabilities Act complaint where the defendants denied access to disabled persons. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior | | Chris Langer v. | | NOS: Complaint for damages and | P: M. Eric Parkan |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |

| Case Info | Parties | Summary | Lawyers |
| --- | --- | --- | --- |
| San Diego County Superior Court 868602 07/05/2006 | The Dittman Family Trust; UDT 3-04-92; John's Foreign Car Service Incorporated; Superlamb Inc. | injunctive relief for violations of American's with disabilities act, unruh civil rights act, California disabled persons act, negligence. | P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 868601 07/05/2006 | Chris Langer v. Frazee Industries Inc.; Cons Elm Street Properties | NOS: Complaint for damages and injunctive relief for violations of American's with disabilities act, unruh civil rights act, California disabled persons act, negligence. 📷 | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 868288 06/28/2006 | Chris Langer v. Alfio Sanfilippoc; Volare Italian Restaurant; John N. Elson; Trustee of the John N. Elson Revocable Trust | NOS: Complaint for damages and injunctive relief for violations of America's with disabilities act, unruh civil rights act, California disabled persons act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disablity Access |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE32892 06/26/2006 El Cajon | Chris Langer v. East San Diego County Association Of Realtor; Kenneth Avery, dba Act 1st Window Tinting Judge: Jan Goldsmith | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide access to disabled persons. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 868098 06/26/2006 | Chris Langer v. Tammy A. Packard; Tap Lighting Incorporated | NOS: Complaint for damages and injunctive relief for violations of American's with disabilities act, unruh civil rights act, California disabled persons act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 868016 06/23/2006 | Chris Langer v. Martin L. Johnson; Maxine F. Johnson; Victor Montoya; Grandstand Pizza; James E. Wilson | NOS: Complaint for damages for injunctive relief, American's with disabilities act, unruh civil rights act, California disabled persons act. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court | Chris Langer v. Jackie L. Thai; Michael Rossler | NOS: Complaint for damages for injunctive relief, violations of American's with disabilities Act, unruh civil rights act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |

back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| 867959 06/22/2006 San Diego Federal and State Branch San Diego Superior Court Branches GIE032805 06/21/2006 El Cajon | Chris Langer v. Payton Hardware Inc Judge: Eddie Sturgeon | NOS: Violations of The Americans With Disabilities Act complaint where the defendant failed to provide access to disabled persons, including the plaintiff. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 867903 06/21/2006 | Chris Langer v. AM Cars & Trucks Enterprises, Inc. dba Rent A Wreck | NOS: Complaint for damages and injunctive relief for American's with disabilities act; unruh civil rights act; California disabled persons act; negligence. | P: Eric Parkan; Mark Potter; Russell Handy |
| San Diego Superior San Diego County Superior Court 867035 06/06/2006 | Chris Langer v. Richard Whitney; La Scala Italtian Restaurant;; Cannon St Properties. | NOS: Americans with Disabilities act, disabled persons act. | P: Mark D Potter |
| San Diego Superior San Diego County Superior Court 866515 05/24/2006 | Chris Langer v. Charles W. Smith Jr.; Darlene Smith | NOS: Complaint for damages and injunctive relief for violations of American's with disabilities act, unruh civil rights act, California disabled persons act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 866396 05/22/2006 | Chris Langer v. U-Haul Co. of California; Kevin Scofield. | NOS: Complaint for damages and injunctive relief for violations of civil rights act. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN052747 05/19/2006 Vista | Chris Langer v. Trio Foods Inc, dba Little Caesars Pizza; AJM Preferred Properties Judge: Jacqueline Stern | NOS: Violations of Unruh Civil Rights Act and California Disabled Persons Act complaint where the defendants failed to provide access to disabled persons. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP  Back to top |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| San Diego Superior San Diego County Superior Court 866304 05/19/2006 | Chris Langer v. Circa A.D. Inc; Banks Property, LLC | NOS: Complaint for damages and injunctive relief. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access, LLP |
| San Diego Superior San Diego County Superior Court 866213 05/18/2006 | Chris Langer v. Dilligas LLC; Richard S. Grosch | NOS: Complaint for damages and injunctive relief for violations of American's with disabilities act, unruh civil rights act, California disabled persons act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 866122 05/17/2006 | Chris Langer v. LX Enterprises; Mahmoud S Akhavan. | NOS: Disabilities Act. | P: Mark Potter |
| San Diego Superior San Diego County Superior Court 865916 05/12/2006 | Chris Langer v. Nazbest Inc. | NOS: Complaint for damages, injunctive relief for violations of American's with disabilities act, unruh civil rights act, California disabled persons act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 865915 05/12/2006 | Chris Langer v. Mersey Pubs Inc. | NOS: Complaint for damages, injunctive relief for violations of American's with disabilities act, unruh civil rights act, California disabled persons act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 865866 05/11/2006 | Chris Langer v. Saad Attisha; Richard E. Zanoni; Nicholas C. Zanoni; Paul Scott Smith; Denise Marcel Smith | NOS: Complaint for damages, injunctive relief, violations of American's with disabilities act, unruh civil rights act, California disabled person's act, negligence. | P: M. Eric Parkan P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court | Chris Langer v. Salene Enterprises Inc; Salene Properties LLC Judge: Jan Goldsmith | NOS: Violations of The Americans With Disabilities Act complaint where the defendants failed to provide wheelchair access to | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| Branches GIE32183 05/08/2006 | | their mini-mart and gasoline station facilities. 🖼 | |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE32184 05/08/2006 | Chris Langer v. Vey's Jet Ski, ATV, Motorcycle & Goped Inc  Judge: Eddie Sturgeon | NOS: Violations of The Americans With Disabilities Act and Unruh Civil Rights Act lawsuit in which the defendants failed to provide access to disabled persons. 🖼 | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 865603 05/08/2006 | Chris Langer v. Belle Maison Gallery, Inc; Allison Zongker LLC. | NOS: Americans with Disability act. | P: Mark Potter |
| San Diego Superior San Diego County Superior Court 865386 05/03/2006 | Chris Langer v. The Smog Squad Inc.; Accent Car Rental | NOS: Complaint for damages and injunctive relief for violations of American's with Disabilities Act, Unruh Civil Rights Act, California Disabled Persons Act, negligence. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 865384 05/03/2006 | Chris Langer v. Absolute Auto Rental Inc.; Sun Diego Car Rental & Sales | NOS: Complaint for damages and injunctive relief for violations of American's with Disabilities Act, Unruh Civil Rights Act, California Disabled Persons Act, negligence. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN51750 04/10/2006 Vista | Chris Langer v. East Vista Enterprises Inc, dba Ruiz Liquor; Orval D. Searcy, trustee; Vivian L. Searcy, trustee  Judge: Jacqueline Stern | NOS: Violations of Unruh Civil Rights Act and California Disabled Persons Act complaint where the defendants failed to provide wheelchair access. | P: M. Eric Parkan P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 863315 03/24/2006 | Chris Langer v. 5737 LJB LLC; JJ's Pizza & Deli Inc. | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act, California disabled persons act, negligence. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access  Back to top |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| **Case Info** | | **Parties** | | **Summary** | **Lawyers** |
| San Diego Superior San Diego County Superior Court 863314 03/24/2006 | | Chris Langer v. Cycle Parts West Inc. | | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act, California disabled persons act, negligence. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 862506 03/09/2006 | | Chris Langer v. Hyun Hahm; Hyun Ju Hahm; Suk Hyang Kim; Hyun Kim | | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act, California disabled persons act, negligence. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 861469 02/09/2006 | | Chris Langer v. Eric Charles Denton | | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act, California disabled persons act, negligence. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN50164 01/27/2006 Vista | | Chris Langer v. Daniel Villasenor, dba Pepper Tree Frosty Judge: Jacqueline Stern | | NOS: Violations of Unruh Civil Rights Act and California Disabled Persons Act lawsuit where the defendants denied access to disabled persons. | P: Mark D. Potter P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 859483 01/09/2006 | | Chris Langer v. Frank Brikho; Holiday Market; Jamil Y Nafso. | | NOS: Unruh Civil Rights Act. | P: Mark D Potter |
| San Diego Superior San Diego County Superior Court 856309 11/02/2005 | | Chris Langer v. 3610 Fifth Avenue Inc. | | NOS: Unruh Civil Right Act, Disabled Persons Act. | P: Mark D Potter |
| San Diego Superior San Diego County | | Chris Langer v. Savers 99c Store; Analila Ortegon. | | NOS: California Disabled Persons Act. | P: Mark Potter |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| Superior Court 855528 10/18/2005 | | | |
| San Diego Federal and State Branch San Diego Superior Court Branches GIE29370 10/17/2005 El Cajon | Chris Langer v. Dao Pham; THI Bich Dao Pham; Alia Insurance Services Inc Judge: Lillian Lim | NOS: Violation of Unruh Civil Rights Act and California Disabled Persons Act complaint in which the defendants have failed to provide wheelchair access to their facilities. | P: Mark D. Potter P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 854783 09/30/2005 | Chris Langer v. The Lamp Post Manufacturer's Inc. | NOS: Complaint for damages and injunctive relief, Unruh Civil Rights Act. | P: Mark D Potter |
| San Diego Superior San Diego County Superior Court 849640 06/23/2005 | Chris Langer v. Thomas J. Quinn; Ronald C. Stout; Mick R. Ward | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 849639 06/23/2005 | Chris Langer v. KRC Inc. | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Superior San Diego County Superior Court 849637 06/23/2005 | Chris Langer v. Liars Club Inc. | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN45452 | Chris Langer v. Larry Doan Judge: Michael Orfield | NOS: The Americans With Disabilities Act complaint in which the defendants denied access to disabled persons, including the plaintiff. | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP |

Back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|
| Case Info | | Parties | | Summary | Lawyers |
| 06/21/2005 Vista San Diego Federal and State Branch San Diego Superior Court Branches GIN44901 | | Chris Langer v. Shahin Toomani Judge: Michael Orfield | | NOS: Unruh Civil Rights Act lawsuit where the defendant failed to provide wheelchair access to his place of business. | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP |
| 05/27/2005 Vista San Diego Federal and State Branch San Diego Superior Court Branches GIE27260 | | Chris Langer v. Hope Mack; Catherine Browne; Thomas Browne Judge: Eddie Sturgeon | | NOS: Violation of Unruh Civil Rights Act complaint in which the defendants denied access to disabled persons to their place of business. | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP |
| 05/27/2005 El Cajon San Diego Superior San Diego County Superior Court 847166 | | Christ Langer v. Martin Glenn; Robert Cloppen; Donald Staats; Susan Staats | | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act. | P: Mark Potter; Russell Handy |
| 05/06/2005 San Diego Superior San Diego County Superior Court 846961 | | Chris Langer v. Maria Cruz Navarro; Mark Perecman | | NOS: Complaint for damages for injunctive relief for violations of unruh civil rights act. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| 05/05/2005 San Diego Federal and State Branch San Diego Superior Court Branches GIN44287 | | Chris Langer v. Jane La Chance; L.P. Properties Judge: Lisa Guy-Schall | | NOS: The Unruh Civil Rights Act complaint in which the defendants failed to provide wheelchair access. | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP |
| 05/04/2005 Vista San Diego Federal and State Branch San Diego Superior Court | | Chris Langer v. William C. Killman; Cheryl Moreno Judge: Lilliam Lim | | NOS: Violations of Unruh Civil Rights Act complaint in which the defendants failed to provide access to disabled persons, including the plaintiff. | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP Back to top |

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| Branches GIE26781 05/03/2005 El Cajon | | | |
| San Diego Superior San Diego County Superior Court 846759 05/02/2005 | Chris Langer v. Manuel Bazzi | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act. | P: Mark Potter; Russell Handy |
| San Diego Superior San Diego County Superior Court 846721 05/02/2005 | Christ Langer v. Standlee Investment Corporation | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act. | P: Mark Potter; Russell Handy |
| San Diego Superior San Diego County Superior Court 845737 04/12/2005 | Chris Langer v. Etta M Keeler; The Ground Floor; La Jolla Development Group. | NOS: Unavailable. | P: Mark Potter |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN42487 02/08/2005 Vista | Chris Langer v. Home Health Care Leaders Inc; Lisa Smith; Janice Klafehn; Terry Ann Taormina; Jason Bowley; Michael Taormina Judge: Michael Orfield | NOS: Violations of Unruh Civil Rights Act and The Americans With Disabilities Act complaint in which defendants failed to provide access to disabled persons. 📷 | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch San Diego Superior Court Branches GIN42517 02/08/2005 Vista | Chris Langer v. Red & White Markets Inc Judge: Lisa Guy-Schall | NOS: Violations of Unruh Civil Rights Act and The Americans With Disabilities Act complaint in which defendants failed to provide wheelchair access. 📷 | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court | Chris Langer v. CM Company; Maninder Singh | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act, negligence, California's unfair business and practice act. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |

back to top

| Filing Date ▲▼ | Case Number ▲▼ | Court Name ▲▼ | Plaintiffs ▲▼ | Defendants ▲▼ | Summary ▲▼ |
|---|---|---|---|---|---|

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| 832605 07/09/2004 | | | |
| San Diego Superior San Diego County Superior Court 832544 07/08/2004 | Chris Langer v. Boll Weevil Inc. | NOS: Complaint for damages and injunctive relief for violations of unruh civil rights act, negligence, California's unfair business practice act. | P: Mark D. Potter P. Lawyer Firm: Center for Disability Access |
| San Diego Federal and State Branch USDC Southern District of California 04 CV 1352 07/06/2004 | Chris Langer v. B'S Keg Beer Inc Judge: BEN | NOS: Violations of The Americans With Disabilities Act lawsuit where defendants failed to provide wheelchair access. | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch USDC Southern District of California 04 CV 1351 07/06/2004 | Chris Langer v. Kenneth Sawyer III; Laura Autry Sawyer; Ahmed Rohullah Miazada Judge: BTM | NOS: Violations of The Americans With Disabilities Act complaint over architectural barriers. | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Federal and State Branch USDC Southern District of California 04 CV 1095 06/01/2004 | Chris Langer v. David Osterloh; Carol Osterloh, as trustees of the David R. Osterloh and Carol L. Osterloh Trust dated August 6, 2002; Golden State Supply Inc; D&C Auto Parts Inc Judge: K | NOS: Violations of The Americans With Disabilities Act complaint in which defendants failed to provide wheelchair access. | P: Mark Potter P. Lawyer Firm: Center For Disability Access LLP |
| San Diego Superior San Diego County Superior Court 809594 04/23/2003 | Chris Langer v. Daline SIV, Sheldon Chip Chasin, Chasin Family Trust. | NOS: Unruh Civil Rights Act. | P: Mark Potter |

Page 2 of 2   Jump       first page   prev page        Items Per Page:  200 ▼  update

Back to top

## CERTIFICATE OF SERVICE
### (United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On October 15, 2012, I have served the foregoing document described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 (FEDERAL QUESTION)** on the following person(s) in the manner(s) indicated below:

Raymond G. Ballister, Jr., Esq.   **Attorneys for**
Mark Potter, Esq.
Center for Disability Access    **Plaintiff Chris Langer**
9845 Erma Road, Suite 300
San Diego, CA 92131
Tel: (858) 375-7385
Fax: (858) 422-5191
mark@potterhandy.com

[ ] **(BY ELECTRONIC SERVICE)** I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ X ] **(BY MAIL)** I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] **(BY OVERNIGHT SERVICE)** I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] **(BY FACSIMILE TRANSMISSION)** On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.

The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]  (BY E-MAIL)  I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

[ ]  (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ X ]  (FEDERAL)  I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on October 15, 2012, at Newport Beach, California.

Denise Reigel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1778 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **(a) PLAINTIFFS** (Check box if you are representing yourself ☐ ) <br> Chris Langer | **DEFENDANTS** <br> Sandial, LLC and 1001, Inc. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Raymond G. Ballister, Jr., Bar No. 111282 <br> Mark Potter, Bar No. 166317 <br> CENTER FOR DISABILITY ACCESS <br> 9845 Erma Road, Suite 300 <br> San Diego, California 92131 <br> Telephone: (858) 375-7385; Facsimile: (888) 422-5191 | Attorneys (If Known) <br> Julie R. Trotter, Bar No. 209675 <br> Ryan M. McNamara, Bar No. 223606 <br> CALL & JENSEN, APC <br> 610 Newport Center Drive, Suite 700 <br> Newport Beach, California 92660 <br> Telephone: (949) 717-3000; Facsimile: (949) 717-3100 |

**BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
Per Plaintiff's Civil Case Cover Sheet
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT: $** less than $25,000.00

**CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
California Civil Code sections 51-53 and 54-54.8 [which Plaintiff contends are premised upon the Americans with Disabilities Act - 42 U.S.C. section 12101, et seq.]

**NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☒ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **SACV12 - 01778 AG (MLGx)**
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
CCD-JS44

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| 1001, Inc. - Orange<br>Sandial, LLC - Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date October 15, 2012
Ryan M. McNamara

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |