JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1778 AG (MLGx) | Date | October 25, 2012 |
|---|---|---|---|
| Title | CHRIS LANGER v. SANDIAL, LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:**    **[IN CHAMBERS] ORDER REMANDING CASE**

For the reasons that follow, this case is REMANDED to the California Superior Court, County of Orange.

Plaintiff Chris Langer ("Plaintiff") filed a Complaint for against Defendants Sandial, LLC and 1001, Inc. ("Defendants") in state court, alleging state law violations of the Unruh Civil Rights Act ("Unruh Act"), the California Disabled Persons Act ("CDPA"), and negligence.  Defendants now file a Notice of Removal ("Notice") to remove the action to this Court under 28 U.S.C. § 1331 (original federal question jurisdiction) and § 1441.

Federal question jurisdiction does not exist over this case.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A case only "arises under" federal law when "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippit v. Raymong James Financial*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1778 AG (MLGx) | Date | October 25, 2012 |
|---|---|---|---|
| Title | CHRIS LANGER v. SANDIAL, LLC, et al. | | |

*Services*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow v. Pharmaceuticals Inc.*, 478 U.S. 804, 808 (1986)).

Plaintiff's Complaint alleges state violations of the Unruh Act, the CDPA, and common law negligence.  Defendants assert that this Court has federal question jurisdiction over this case under the federal Americans with Disabilities Act ("ADA"), even though Plaintiff did not plead ADA claims.  Defendants claim Plaintiff didn't plead ADA claims to avoid federal court jurisdiction.  Defendants argue that, despite the Complaint's lack of federal claims, Plaintiff's "claims of 'access discrimination' turn on the *federal* question of whether Defendants violated the ADA upon which Plaintiff's state law claims would be founded."  (Notice of Removal ¶ 2 (emphasis in original).)

Defendants' argument fails because they have no support for their contention that the ADA is an essential element of Plaintiff's claims under the Unruh Act or the CDPA.  Although there are similarities between the Unruh Act, the CDPA, and the ADA, the Unruh Act and CDPA make clear that the ADA is not an essential element under the Unruh Act or CDPA.  For example, Section 51(f) of the Unruh Act indicates that ADA claims are distinct from Unruh Act claims:  "A violation of the right of any individual under the federal [ADA] shall *also* constitute a violation of this section."  Cal. Civ. Code § 51(f) (emphasis added).  Similarly, the CDPA incorporates definitions from the ADA but differentiates CDPA claims: "'Full and equal access,' for the purposes of this section in its application to transportation, means access that meets the standards of Titles II and II of the [ADA] . . . except that, if the laws of this state prescribe *higher standards*, it shall mean access that meets those higher standards."  Cal. Civ. Code § 54.1(a)(3) (emphasis added).

Because Plaintiff's state law claims do not necessarily incorporate the federal ADA, Defendants have thus failed to show a federal question exists on the face of Plaintiff's Complaint.  *Caterpillar*, 482 U.S. at 392.  Thus, the Court does not have subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1778 AG (MLGx) | Date | October 25, 2012 |
|---|---|---|---|
| Title | CHRIS LANGER v. SANDIAL, LLC, et al. | | |

**DISPOSITION**

Defendants fail to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

Initials of Preparer   lmb